**James J. VALONA, Petitioner–Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent–Appellee.**

No. 98–2976.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 10, 1998.

Decided Dec. 22, 1998.

James J. Valona (submitted), Greenfield, WI, for Petitioner–Appellant.

Thomas P. Schneider (submitted), Office of the United States Attorney, Milwaukee, WI, for Respondent–Appellee.

Before FAIRCHILD, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

EASTERBROOK, Circuit Judge.

Release from imprisonment for a federal crime committed before November 1, 1987, places the felon in the custody of the United States Parole Commission for the remainder of his sentence. James Valona, sentenced to a 15–year term for a pre-Guidelines drug crime, see *United States v. Valona*, 834 F.2d 1334 (7th Cir.1987), is subject to parole supervision until October 2001. He was released from prison, and began his parole, on December 18, 1992. Under 18 U.S.C. § 4211(b) (repealed, but still applicable to pre-Guidelines crimes, 110 Stat. 3055) the Commission is supposed to review every parolee's status two years after release from prison, "and at least annually thereafter ... to determine the need for continued supervision." Five years after release, "the Commission shall terminate supervision over such parolee unless it is determined, after a hearing conducted in accordance with the procedures prescribed in [18 U.S.C.] section 4214(a)(2), that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law." 18 U.S.C. § 4211(c)(1). Valona's fifth anniversary of release on parole was December 18, 1997. He filed this suit accusing the Commission of failure to review his case under § 4211(b) or act under § 4211(c). Valona sought an order that his time under the Commission's supervision has come to an end.

Instead of addressing this contention on the merits, the district judge dismissed the action with a notation that Valona needs this court's approval to file a second or successive collateral attack on his conviction. We reversed, 138 F.3d 693 (7th Cir.1998), pointing out that Valona is not attacking his conviction

and therefore does not need advance approval under 28 U.S.C. § 2255 ¶ 8. Our opinion added that Valona is not making a "collateral" attack but is seeking review of an administrative agency's inaction, a step better characterized as a suit under the Administrative Procedure Act than as a request for a writ of habeas corpus under 28 U.S.C. § 2241. We observed: "Litigants need not plead legal theories, see *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir.1992), and district judges should afford the relief to which the prevailing party is entitled without regard to errors in the pleadings. See Fed.R.Civ.P. 54(c)." 138 F.3d at 695.

■■■ Back in the district court, Valona's suit was dismissed again—this time because the judge thought that Valona had not exhausted his administrative remedies, and that the only available relief is a writ of mandamus requiring the Commission to act on his pending request for termination of parole supervision. See *Sacasas v. Rison*, 755 F.2d 1533 (11th Cir.1985); *United States ex rel. Pullia v. Luther*, 635 F.2d 612 (7th Cir.1980). The district judge invited Valona to file a new suit seeking mandamus. This step was erroneous, for two reasons laid out in our prior opinion (which the district judge inexplicably did not mention). First, "district judges should afford the relief to which the prevailing party is entitled without regard to errors in the pleadings. See Fed.R.Civ.P. 54(c)." If Valona is entitled to a writ of mandamus, then the district court should have provided him that relief in the suit he has filed, rather than requiring him to start over. Second, Valona's claim is best understood as one under the APA, which authorizes district courts to "compel agency action unlawfully withheld or unreasonably delayed" without the need of a separate action seeking mandamus. 5 U.S.C. § 706(1).

■■■ Valona contends that § 4211(c) requires the Commission to terminate parole supervision because it did not act before the fifth anniversary of his release. The agency's failure to hold a hearing before December 18, 1997, or make the statutory finding of "a likelihood that the parolee will engage in conduct violating any criminal law", is conceded. The district judge invoked the exhaustion doctrine because the Commission finally held a hearing on April 14, 1998, but had not made a decision by the time the court released its opinion, and under *Pullia* delay does not invariably lead to the end of supervision (though it does justify an order compelling the Commission to act). The judge wrote: "For all the Court knows, the Parole Commission may agree with Valona and terminate his parole, thereby mooting the 2241 petition." Yet this misunderstands Valona's position. He contends that he is entitled to termination of supervision because the Commission had not acted by December 18, 1997, and if not to immediate termination then at least to a swift decision by the Commission. Only in the world of Kafka would a court dismiss a claim that an agency has taken too long to reach a decision on the ground that the agency has yet to reach a decision—and that the aggrieved party can't complain until it does (by which time, of course, the claim will be moot).

■■■ The brief filed by the United States Attorney does not mention § 4211(c) and does not attempt to justify or explain the Commission's inaction. The United States Attorney insists that Valona stumbled by seeking a writ of habeas corpus rather than a writ of mandamus, but ignores Rule 54(c) and § 706 of the APA. Apparently the United States Attorney has not consulted his client. The brief (and it *is* brief, less than two pages of argument) asserts: "[T]he record does not reflect the reasons for the delay in the parole termination proceedings, and so we cannot tell whether [Valona] has a legitimate gripe about the Parole Commission's failure to dispose of his request for termination of his parole. For example, it could be that the delay was waived or even requested by [Valona] himself." Well, sure, anything "could be", but the court needs to know what *is*. If Valona asked for or condoned the delay—most unlikely given the claims he makes in this suit—then the Commission should have put his request in the record. Valona has received a brushoff rather than a serious response to his contentions.

The Administrative Procedure Act permits a court, including a court of appeals, to afford interim relief:

On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal ... , may issue all necessary and appropriate process ... to preserve status or rights pending conclusion of the review proceedings.

5 U.S.C. § 705. We conclude that the "necessary and appropriate" step to preserve Valona's rights pending further proceedings is cessation of parole supervision. As of this instant, he is free of parole supervision. Whether the Commission may *resume* supervision by making a belated finding under § 4211(c) is a subject the district court should explore on remand.

The judgment is vacated, and the case is remanded to the district court for further proceedings under the Administrative Procedure Act consistent with this opinion. The mandate will issue today.