In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1940

Ronald Romandine,

Petitioner-Appellant,

v.

United States of America,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 97-C-430 (93-CR-185)--C.N. Clevert, Judge.

Argued January 18, 2000--Decided March 14,
2000

   Before Easterbrook, Kanne, and Diane P.
Wood, Circuit Judges.

   Easterbrook, Circuit Judge.  Ronald
Romandine is a prisoner of Wisconsin,
serving time for racketeering and theft
offenses. He also has a federal
conviction for credit card fraud. 18
U.S.C. sec.1029(a)(2). The state and
federal offenses are unrelated.
Romandine's federal sentence, imposed in
January 1994, will commence after his
state sentence ends--or so the sentencing
judge declared. But Romandine contends in
this proceeding under 28 U.S.C. sec.2255
that a federal judge lacks authority to
make a sentence consecutive to a state
sentence that is not in existence when
the federal sentence is imposed. His
petition backfired: the district court
increased Romandine's sentence by five
months. Romandine's appeal protests both
the original sentence and the increase.
The chronology is sufficiently complex
and important that we set out the
sequence.

1-24-94:  Federal sentence
pronounced: 10 months' imprisonment,
$30,576.40 restitution, and three
years' supervised release.

3-11-94: State sentence pronounced: 15 years' imprisonment, followed by 10 years' probation.

1-30-95: Romandine files a pro se motion asking the district judge to clarify whether federal sentence is consecutive to or concurrent with the state sentence.

2-7-95: Chief Judge Evans (as he was before appointment to this court) enters an order stating that the sentences are consecutive.

2-21-95: Romandine files a pro se "Motion to Reconsider Sentencing" on the ground that the 15-year state sentence exceeds the 10-year term that, Romandine asserts, both sides in the federal proceedings expected. Romandine also contends that his payment of half the ordered restitution, his wife's illness, and his desire to help raise his eight-year-old child, justify a "grant in the form of sentence modification" because "the sentencing court's original intent was violated by what occurred" in state court.

3-17-95: Chief Judge Evans enters an order denying the motion.

5-2-95: Romandine (represented by counsel from here on) files another "motion for clarification" asserting that "the Court specifically retained the option of giving the Defendant consideration of the final five months of the sentence based on the future" state sentence.

5-18-95: Order by Chief Judge Evans: "At the time of sentencing, I reserved the issue of whether a 'split sentence' should be imposed, pending resolution of Mr. Romandine's other legal matters in Oconto County, Wisconsin. Mr. Romandine has now petitioned for a clarification of the issue. Based on the 15 year prison sentence imposed in the state case on March 11, 1994, for conduct unrelated to this case, I have concluded that a split sentence is appropriate. Accordingly, IT IS HEREBY ORDERED that Mr. Romandine's federal

sentence in this case be modified to permit him to serve the last five months of the sentence in a community confinement setting."

4-14-97: The United States and Romandine file a "stipulation" that the sentence imposed on January 24, 1994, has been served. According to this document the order of March 17, 1995, "was legally in error in so far as it modified a sentence previously imposed so that its service is to be consecutive" and, as a result, Romandine's "10 month sentence of incarceration has been satisfied by virtue of his uninterrupted incarceration since" March 1994.

4-18-97: District Judge Clevert (to whom the case was reassigned) enters an order treating the "stipulation" as a motion to modify the sentence, which as so construed is denied on the ground that a district court lacks authority to modify a sentence years after its imposition.

4-22-97: Romandine files his petition under sec.2255, contending that his federal sentence must be concurrent to the state sentence (and hence already has been served) because a federal judge cannot make a sentence consecutive to a state sentence yet to be imposed.

12-30-98: District Judge Clevert enters an order denying Romandine's petition but sua sponte vacating the judgment of May 18, 1995, and reinstating the original sentence of January 24, 1994.

4-8-99: The district judge issues a certificate of appealability identifying as the issue for appeal: "whether a sentencing federal court may impose a sentence which will run consecutively to a state sentence ordered a month after the federal proceeding."

Because a certificate of appealability is essential to a prisoner's appeal from an adverse decision in an action under sec.2255, see 28 U.S.C. sec.2253(c)(1)(B), Fed. R. App. P. 22(b)(1), we start with the certificate

that Judge Clevert issued. Section 2253(c)(2) provides that a certificate "may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Section 2253(c)(3) adds that the certificate must "indicate which specific issue or issues satisfy the showing required by paragraph (2)." Yet the certificate issued in this case does not identify any constitutional issue. A federal court's authority to choose between concurrent and consecutive terms depends on federal statutes, not on the Constitution. Compounding matters, Romandine ignored the certificate of appealability and briefed two different issues: whether a district judge may modify a sentence to make it consecutive (which supposes, contrary to the premise of the certificate and the order of February 7, 1995, that the original federal sentence ran concurrently to the state sentence) and whether the district court was authorized to reinstate the original straight sentence of imprisonment. If the United States had brought these matters to our attention-- either by motion to dismiss the appeal for want of a proper certificate, or by motion to strike Romandine's brief for its failure to address the only issue the district judge certified--we would have been inclined to dismiss the appeal. But the United States chose to litigate on Romandine's terms. Young v. United States, 124 F.3d 794, 798-99 (7th Cir. 1997), holds that when the district judge and the parties all disregard sec.2253(c)(2), and the case is fully briefed on statutory questions, we will proceed to decide them: the United States has forfeited the benefits of sec.2253.

   Another procedural matter poses a potentially greater hurdle, because unlike sec.2253(c)(2) it concerns the district court's authority to act: whether the sec.2255 petition must be treated as a second or successive collateral attack. If the answer is yes, then prior approval by this court was es sential, 28 U.S.C. sec.sec. 2244(b), 2255 para.8, and as approval was neither sought nor given the district court lacked subject-matter jurisdiction. See Nunez v. United States, 96 F.3d 990 (7th Cir. 1996). Before filing his avowed sec.2255 petition, Romandine had filed four earlier requests (one jointly with

the prosecutor) for modification or "clarification" of his sentence. None of these stated a legal basis, but a prisoner can't file multiple collateral attacks just by omitting the designation "sec.2255" from a motion substantively under that section. United States v. Woods, 169 F.3d 1077 (7th Cir. 1999), drives that point home by holding that a motion nominally under Fed. R. Crim. P. 33 must be treated as a petition under sec.2255, because it made the arguments and sought the relief provided by sec.2255. See also, e.g., Banks v. United States, 167 F.3d 1082 (7th Cir. 1999). When a prisoner files a motion under sec.2255 these days, the district court swiftly should determine whether it is an initial motion. Yet the district judge did not do this, and at oral argument the Assistant United States Attorney conceded that it had not occurred to him, either, to inquire how the prior four post-judgment motions should be classified.

It is hard to see what rule or statute Romandine could have been invoking, except for sec.2255. He wanted a shorter sentence, but the Sentencing Reform Act of 1984 dramatically curtails a district judge's power to revise a sentence after its imposition. Until the 1984 Act (which took effect on November 1, 1987), Fed. R. Crim. P. 35 allowed a district judge to reduce a sentence, for almost any reason, within 120 days after each of several events, including the original sentencing and the completion of the appellate process. A district judge could have used this power to reduce Romandine's sentence on account of the unexpectedly long term meted out by the state court. But even had pre-1984 law continued into the 1990s, that power would have expired long before Romandine made his first request-- and the 120-day period could not be extended. See United States v. Addonizio, 442 U.S. 178, 189 (1979); United States v. Kimberlin, 776 F.2d 1344 (7th Cir. 1985); Gaertner v. United States, 763 F.2d 787 (7th Cir. 1985); Fed. R. Crim. P. 45(b). With the advent of the Sentencing Guidelines, moreover, the 120-day window was closed. Guidelines sentences are determinate. Today Rule 35 allows only three exceptions. A sentence may be revised on remand from a court of appeals when necessary to correct legal errors (Rule 35(a)); a sentence may be reduced to reward post-sentencing

substantial assistance to the prosecution (Rule 35(b)); and a district court, "acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Rule 35(c). Romandine thus could not seek a lower sentence under Rule 35. It is tempting, therefore, to say that Romandine's requests must have been under sec.2255, because they could not have been under anything else.

Still, that Romandine's requests could not have been based on anything in the Rules of Criminal Procedure does not show that they did rest on sec.2255. Maybe they were just hot air. A motion imploring the judge to disregard Rule 35 and the Sentencing Guidelines, and to reduce the sentence for no reason other than that the defendant prefers a short sentence to a long one, does not rest on any body of law. Section 2255 para.1 authorizes a motion by a person "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack". Did any of Romandine's four requests come within this language? Certainly not the first, which asked the judge to clarify Romandine's understanding of the sentence but did not seek its alteration. The next two requested lower sentences, but not on any of the grounds mentioned in sec.2255. The "motion for reconsideration" filed on February 21, 1995, came the closest. As in Addonizio, a prisoner implored a judge to reduce a sentence on the theory that subsequent developments had defeated the judge's expectations about how long the defendant would remain in prison. Addonizio brought his motion under sec.2255, but the Supreme Court held that sec.2255 did not authorize any such theory of relief. Doubtless a prisoner's collateral attack may fall under sec.2255 even though not based on a good theory-- indeed, even though the Supreme Court rejected the theory before the petition was filed--but the problem in both Addonizio and Romandine's case is that when a defendant requests a break because of events after the judgment that affect

the judge's "expectations," it is impossible to characterize the request as a collateral attack on the judgment. It is, Addonizio held, just wishful thinking. That is also a fair description of Romandine's filings in February and May 1995. The district court should have rejected them out of hand, and perhaps would have done so had the United States reminded it of Addonizio and Rule 35's time limits. But the United States did not respond to Romandine's first three requests, did not move for reconsideration or take an appeal after the district judge altered the sentence in response to the third request, and was complicit in the fourth. That "stipulation" nominally sought modification of the sentence (oddly, of the original 10-month straight sentence, rather than the split sentence imposed by the May 1995 order) but actually requested not a modification of the judgment but a declaration that the sentence had been served. Section 2255 does not provide for such declarations--and this turns out to be an additional wrinkle affecting application of the successive-petition rule.

Even if it were best to understand one of Romandine's first four requests as a collateral attack on his sentence, we would be reluctant to dismiss his latest petition--because we very much doubt that Romandine's current petition is based on sec.2255. He did not seek a change or reduction in the sentence so much as he sought a declaration that he has completed its service. In other words, Romandine wants time already spent in state custody credited against his federal sentence. Requests for sentence credit, or for recalculation of time yet to serve, do not come under sec.2255. They must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. sec.2241, or perhaps a suit under the Administrative Procedure Act (to the extent 28 U.S.C. sec.3625 permits). See Reno v. Koray, 515 U.S. 50 (1995); United States v. Wilson, 503 U.S. 329 (1992); cf. Valona v. United States Parole Commission, 165 F.3d 508 (7th Cir. 1998). Recent limitations on successive motions do not apply to sec.2241 or the apa. See Felker v. Turpin, 518 U.S. 651 (1996); Valona v. United States, 138 F.3d 693

(7th Cir. 1998). The United States failed to point this out to the district court, which forfeits any opportunity to obtain dismissal for failure to exhaust administrative remedies. Nor did the United States say that the action should be dismissed for failure to name the proper respondent (the Attorney General).

We are conscious that these efforts to determine the right characterization of various filings are in tension with the principle that district courts should treat prisoners' papers as what they purport to be, rather than converting suits from one kind to another--from sec.2241 to sec.2255, or from sec.1983 damages actions to collateral attacks. See Valona v. United States, 138 F.3d 693 (7th Cir. 1998); Moore v. Pemberton, 110 F.3d 22 (7th Cir. 1997); Copus v. Edgerton, 96 F.3d 1038 (7th Cir. 1996). Like other circuits, e.g., United States v. Miller, 197 F.3d 644 (3d Cir. 1999); Adams v. United States, 155 F.3d 582 (2d Cir. 1998), we have recognized that converting a case from one kind of action to another can have consequences that the prisoner may not have anticipated. Reclassifying an action for civil damages as a collateral attack may bring the prohibition of successive petitions into play; the opposite conversion may require the prisoner's trust account to be tapped for filing fees and lead to problems under Heck v. Humphrey, 512 U.S. 477 (1994). But there is no alternative to examining the substance of a pleading if the successive-petitions rule is to be enforced. See Johnson v. United States, 196 F.3d 802 (7th Cir. 1999) (describing many kinds of recharacterization). None of Romandine's filings has been converted procedurally. What we have done--what is essential under sec.sec. 2244(b) and 2255 para.8--is to ask whether two or more of Romandine's filings meet the description of sec.2255 para.1. The answer is no, so the current filing is not jurisdictionally precluded by Romandine's failure to seek prior appellate leave. Thus we proceed to the merits.

Judge Clevert was entirely right to conclude that the sentence reduction of May 18, 1995, was unlawful. It would have been unlawful before the Sentencing Reform Act, for reasons given in Addonizio, Kimberlin, and Gaertner. Under current law, the district judge has even

less discretion. The judge's apparent belief that he could retain control over the sentence indefinitely just by announcing at sentencing that he reserves the right to alter it cannot be reconciled with Fed. R. Crim. P. 45(b), which forbids the extension of the time limits in Rule 35. Seven days after Romandine's sentence was imposed was the limit of the district judge's alteration power--and then he could modify the sentence only to "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error", none of which occurred in Romandine's case. (Rule 36 permits a district court to correct clerical errors at any time, but no one thinks that either the original sentence or the modification in May 1995 was a "clerical mistake.")

For the same reason that the sentence reduction of May 18, 1995, was unlawful, the sentence increase of December 30, 1998, was unlawful. Under the version of Rule 35(a) that preceded the Sentencing Reform Act, a district judge could "correct an illegal sentence at any time". District judges no longer possess that power. Today an illegal sentence may be corrected only if the aggrieved party appeals and the court of appeals remands for that purpose under Rule 35(a), or if the error is so grave that relief becomes available under sec.2255. The United States could have taken an appeal from the order of May 18, 1995, and had this been done we would have reversed for reasons that by now are obvious. But the United States did not appeal, or even ask the district court to reconsider its decision. At oral argument, the Assistant United States Attorney (who has handled Romandine's case since the indictment in 1993) revealed that his office did not notify the Criminal Division; apparently prosecutors in the Eastern District of Wisconsin are under the misapprehension that the Criminal Division (and thus the Solicitor General) need not be alerted to an adverse decision unless the United States Attorney wants to appeal. Proper implementation of the Department of Justice's rules, see 28 C.F.R. sec.0.20(b); United States Attorneys' Manual sec.2-2.110, might have avoided the problem now presented. But the past cannot be rewritten. When the time for appeal expired, so did any possibility of correcting the error.

Well, then, has the sentence expired along with the time to appeal? Romandine's premise is that a district judge may not impose a sentence that will run consecutively to a state sentence not then in existence. This supposes that the effective sentence is the one pronounced on January 24, 1994. But that is not so; Romandine was resentenced on May 18, 1995, and again in December 1998, well after the state sentence. Our order vacating the 1998 sentence restores the 1995 sentence, which responds directly to the state sentence. Romandine concedes that a federal sentence may run consecutively to a state sentence already in existence, so he has no complaint.

Romandine's concession is sound. "[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively". 18 U.S.C. sec.3584(a). By the time of his resentencing in May 1995, Romandine was "already subject to an undischarged term of imprisonment". Even if we were to treat the sentence of January 1994 as the one now in effect, however, Romandine would have nothing to gain. Neither sec.3584(a) nor any other statute of which we are aware authorizes a federal judge to declare that his sentence must run consecutively to some sentence that may be imposed in the future. Thus the orders of February 7, 1995, and March 17, 1995, have no discernible source of legal support (and the orders themselves cite none). But sentences may well run consecutively by force of law; indeed, the subject may simply be out of the judge's hands. The final sentence of sec.3584(a) reads: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." A judge cannot make his sentence concurrent to nonexistent sentences that some other tribunal may or may not impose; thus the sentence is automatically consecutive.

The next judge in line may make service concurrent in practical effect. For example, the state judge could have given Romandine a discount of 10 months on account of his undischarged federal sentence. Likewise the Attorney General could make the federal sentence run concurrently by designating the state

prison as a place of federal confinement, so that the clock would start to tick on the federal sentence. "A sentence to a term of imprisonment commences on the date the defendant is received in custody . . . [at] the official detention facility at which the sentence is to be served." 18 U.S.C. sec.3585(a). All the Attorney General has to do is designate the state prison as "the official detention facility at which the sentence is to be served." See 18 U.S.C. sec.3621(b); United States v. Hill, 48 F.3d 228, 234 (7th Cir. 1995). By refusing to make this designation, and by instead lodging a detainer with state officials, the Attorney General can ensure consecutive service (although the Attorney General could not prevent the state from releasing its prisoner early because of the state's anticipation that federal time lay ahead). A legal error one way or the other in the exercise of this power could be reviewed under sec.2241. But Romandine, who has never asked the Attorney General to designate the state prison as a place of federal confinement, is not well situated to protest--and we do not perceive any legal rule that would require the Attorney General to act favorably on such a request. If the Attorney General shares the view expressed by an Assistant United States Attorney in the "stipulation" of April 14, 1997, then she is free to declare that Romandine's federal time has been served or to instruct the Director of the Bureau of Prisons to file a motion under sec.3582(c); but the United States Attorney's Office apparently thinks the "stipulation" a blunder, for its brief on this appeal disavows the position it took in 1997.

Other courts of appeals are divided on the question whether a district court may require its sentence to be served consecutively to a state sentence that will be imposed in the future. See United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991) (yes); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998) (no); United States v. Clayton, 927 F.2d 491 (9th Cir. 1991) (no); United States v. Williams, 46 F.3d 57 (10th Cir. 1995) (yes); United States v. Ballard, 6 F.3d 1502, 1510 (11th Cir. 1993) (yes). We join the circuits that answer "no," because sec.3584(a) allows the district judge to specify the sequence of service

only when sentences are imposed at the same time, or the other sentence is "an undischarged term of imprisonment" to which the defendant is "already subject". But the answer does not matter, and the conflict is illusory, for reasons we have given: the final sentence of sec.3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases, and the effective decision then is made by the Attorney General (or the state judge) rather than the federal judge. We disagree with the reasoning of McCarthy v. Doe, 146 F.3d 118, 121-22 (2d Cir. 1998), to the extent the second circuit believes that the final sentence of sec.3584(a) is limited to those situations also covered by the first sentence (that is, to defendants serving undischarged terms, or other terms imposed on the same occasion). Limiting the final sentence in this way makes it surplusage. It is best read as covering all situations not otherwise provided for. Still, even this disagreement is irrelevant, for the state judge and the Attorney General, exercising power under sec.3585(a), have the effective last word. Thus we agree with McCarthy's bottom line. The Attorney General has discretion, which she must exercise without supposing that the district judge's views or the final sentence of sec.3585(a) forbid concurrent service. Accord, Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). Romandine must serve his federal sentence after his state sentence ends, unless he can persuade the Attorney General to start the federal clock while he is still in state custody.

Vacated and Remanded for Restoration of the May 1995 Sentence