**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John J. WALTERS, Defendant– Appellant.**

**In the Matter of John J. Walters, Petitioner.**

**Nos. 00–3872, 01–1240.**

United States Court of Appeals, Seventh Circuit.

Submitted June 8, 2001.*

Decided June 14, 2001.

* After an examination of the briefs and the record, we have concluded that oral argu-

ment is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before EASTERBROOK, ROVNER, and DIANE P. WOOD, Circuit Judges.

Order

In September 1999 John Walters pleaded guilty to an indictment charging him with bank fraud, in violation of 18 U.S.C. § 1344. He was sentenced to 27 mònths' imprisonment. The plea bargain, by which the United States dismissed three of the four counts of bank fraud, included a formal waiver on Walters' part of any right to appeal his sentence or file a collateral attack on the conviction.

In June 2000 Walters asked the district court to reduce his sentence under Fed. R.Crim.P. 35(a). The judge denied this motion, and Walters appealed. That appeal has been docketed as No. 00–3872.

In December 2000 Walters filed a document styled "Motion to Dismiss Indictment for Failure to Charge an Offense." The district judge denied that motion too, and Walters filed a second appeal, which has been docked as No. 01–1240.

While these appeals were being briefed in this court, Walters filed in the district court additional motions (which Walters styled "Notice of Objection to Court's Jurisdiction") seeking release from prison. These motions contend that the district court is not empowered to entertain criminal prosecutions and that all of its orders violate the Constitution. The district court has decided not to rule on these motions until we resolve Walters' pending appeals. Walters now has filed a petition for a writ of mandamus, docketed as No. 01–2202, asking us to direct the district judge to rule forthwith on his additional motions.

■■■■ All of these motions and appeals violate the plea agreement. Walters thinks that he has kept at least part of his promise by refraining from styling any of his motions as a collateral attack under 28 U.S.C. § 2255. But as we held in *Romandine v. United States*, 206 F.3d 731 (7th Cir.2000), a post-judgment motion is treated as a collateral attack if it meets the description of § 2255 ¶ 1–which is to say, if it claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack". Each of Walters' motions in the district court meets that description. For example, the motion purportedly under Rule 35(a) gives three grounds, one of which is that the sentence is unlawful because it exceeds expectations he entertained when entering the plea of guilty. This is not by any stretch of the imagination an argument properly made under Rule 35(a), which deals with resentencing following a remand. Instead it hints at a potential claim that the plea was involuntary, a ground within the scope of § 2255. The contention that the indictment does not state an offense also is one that may be raised under § 2255 (at least when it implies that the guilty plea was involuntary for lack of knowledge of this possibility). See *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). It is impossible to see how this motion could be

anything *but* a collateral attack; there is no other way to make such an argument after sentence has been pronounced and the time for direct appeal has expired. See *United States v. Miller,* 197 F.3d 644, 647–48 (3d Cir.1999).

The waiver of appeal (and of any entitlement to file a collateral attack) would be invalid if the plea itself were invalid, which it would be if entered involuntarily. But Walters has not got to first base on that front. He does not point to any incorrect (or even misleading) advice he received from the court when entering his plea. Although his brief asserts that he received ineffective assistance of counsel, he did not make such an argument in the district court and has no excuse for trying to raise this possibility for the first time on appeal. If we were to take the "Rule 35 motion" as implying a request that the guilty plea be set aside and Walters relieved of his promise not to seek collateral relief–the view most favorable to Walters– we would nonetheless agree with the district judge that relief was not appropriate.

Walters' principal complaint about his attorney's performance is that counsel did not take advantage of *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), when held (in a decision issued after the date of Walters' indictment) that materiality is an element of bank fraud. What Walters does not explain, however, is how invoking *Neder* could have helped him. The indictment did not use the word "material" but contained ample factual narration showing that the misrepresentations were indeed material. During the Rule 11 colloquy Walters agreed that he did what the indictment alleges. It would have been easy for the prosecutor to obtain an amended indictment inserting the word "material." Walters' other complaints about counsel's performance also are unpersuasive and

would fail on the merits if the ineffective-assistance claim had been presented to the district court (which, we repeat, it was not). The plea stands, and with it the promises not to seek collateral relief or appeal. See *United States v. Wenger,* 58 F.3d 280 (7th Cir.1995).

This conclusion means not only that the motion in December 2000 violates the plea agreement but also that the district judge lacked jurisdiction to entertain it (and the subsequent motions). The "Rule 35 motion" was a collateral attack under the approach of *Romandine* (a conclusion fortified by the ineffective-assistance argument that Walters advances on appeal) so later motions are subsequent collateral attacks, which may be filed only with the prior approval of this court–approval that Walters has not sought and could not receive, given the requirements of 28 U.S.C. § 2244(b) and § 2255 ¶ 8.

On appeal No. 00–3872, the decision of the district court is affirmed. On appeal No. 01–1240, the decision of the district court is vacated and the matter is remanded with instructions to dismiss for want of jurisdiction. *Nunez v. United States,* 96 F.3d 990 (7th Cir.1996). Because the district judge likewise lacks jurisdiction over Walters' remaining motions, his petition for mandamus in No. 01–2202 is denied.