**Robin Tony ANGELINI, Petitioner–Appellant,**

v.

**Jonathon R. WALLS, Respondent–Appellee.**

No. 02–1547.

United States Court of Appeals, Seventh Circuit.

Submitted June 25, 2002.*

Decided July 29, 2002.

Before MANION, ROVNER, and EVANS, Circuit Judges.

**ORDER**

Robin Tony Angelini was convicted in Illinois state court of sexually assaulting a woman in Quincy, Illinois, and sentenced to three consecutive terms of 60 years' imprisonment. In this successive appeal, Angelini contends that his trial counsel violated his Sixth Amendment rights by

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

making prejudicial comments during closing argument. On remand the district court denied his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. We affirm.

In the early morning of May 20, 1996, a man broke into a woman's apartment, tied an electrical cord around her neck, threatened to kill her if she screamed, and penetrated her anally and vaginally with his finger. The attacker then dragged the victim into a bathroom and tightened the cord around her neck until she lost consciousness. The victim eventually regained consciousness, called 911, and remained in her bathroom until authorities arrived. The victim had marks around her neck from the cord and suffered a ruptured eardrum.

Quincy police investigators, aware that Angelini had pleaded guilty in 1982 to committing a similar assault, tabbed him as a suspect. The police also suspected Angelini because one of the investigating officers had spotted him late at night near the victim's apartment five days before the attack. The victim later identified Angelini's voice as that of her attacker.

At trial the state elicited detailed testimony from the 1982 victim about that attack, in which Angelini broke into her apartment, bound her hands, beat her, choked her, inserted his finger into her vagina, and anally raped her. The state argued to the jury that the two crimes had a similar *modus operandi*, suggesting that Angelini committed the second crime.

Defense counsel addressed the distressing circumstances surrounding the case during his closing argument. He acknowledged, through a long and descriptive narrative, the heinous nature of the 1982 crime and the courage exhibited by the victim of that attack. Counsel stressed to the jury that, although Angelini's actions in 1982 were "despicable," he was not on trial for that crime. Counsel repeatedly expressed sympathy and admiration for the victims of both crimes, and asked the jury to remain objective even though Angelini looked "guilty," "cold," "like he could care less" about the victims, and "like a rapist." The jury found Angelini guilty.

After Angelini exhausted his state remedies, he sought a writ of habeas corpus from a federal district court. His petition raised a host of issues, including an assertion that defense counsel's closing argument violated his Sixth Amendment right to the effective assistance of counsel. The district court, however, denied this claim (and rejected his other arguments) without reviewing the transcripts of his trial. We affirmed the district court's disposal of his petition with one exception; we remanded with instructions for the district court to conduct a full review of the state-court record to evaluate his Sixth Amendment claim relating to counsel's closing argument. After reviewing the trial transcripts, the district court denied his claim, concluding that the Illinois appellate court reasonably determined that defense counsel's closing argument was constitutionally permissible. The court then granted a certificate of appealibility on the issue.

On appeal Angelini raises six issues, but five of them are barred as successive petitions under 28 U.S.C. § 2244(b). *See Romandine v. United States*, 206 F.3d 731, 734 (7th Cir.2000). The only issue properly presented is whether the Illinois appellate court reasonably concluded that defense counsel's closing argument did not run afoul of the Sixth Amendment. Federal courts may grant habeas corpus relief only if the state court's adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Roche v. Davis*, 291 F.3d 473, 481 (7th Cir.2002). An "unreasonable application" of federal

law occurs when the state court identifies the correct governing legal rule but unreasonably applies it to the facts of the state prisoner's case. *Williams v. Taylor,* 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Cossel v. Miller,* 229 F.3d 649, 654 (7th Cir.2000). To prevail on his Sixth Amendment claim Angelini must demonstrate that (1) his attorney's performance fell below an objective standard of reasonableness, and (2) the deficient performance caused him prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Roche,* 291 F.3d at 481. Courts review counsel's performance under the first prong deferentially, presuming reasonable judgment unless the factual record rebuts such a presumption. *See Strickland,* 466 U.S. at 689; *Matheney v. Anderson,* 253 F.3d 1025, 1039 (7th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1635, 152 L.Ed.2d 644 (2002). With regard to the prejudice element, Angelini must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 689; *Matheney,* 253 F.3d at 1039–40.

We agree that the Illinois appellate court's evaluation of Angelini's ineffective assistance claim was reasonable. Angelini contends that the strong words counsel used to describe him, the sustained focus on the 1982 crime, and the repeated expressions of sympathy for the victim violated the duty of loyalty counsel owed to Angelini and was tantamount to abandonment. But counsel did not abandon his client–he tried to save him by strategically acknowledging Angelini's sordid past while pointing out weaknesses in the state's case. Because the state emphasized the 1982 crime and its similarities with the 1996 offense, counsel understandably tried to gain credibility with the jurors by recognizing the heinous nature of Angelini's prior conduct. And although counsel used strong and unflattering words to depict Angelini, his acknowledgment of his client's flaws was a reasonable strategic decision we will not second guess. *See, e.g., Rodriguez v. United States,* 286 F.3d 972, 986 (7th Cir.2002). Moreover, defense counsel capably and diligently represented Angelini throughout the criminal proceedings–he requested a change of venue, pursued pretrial evidentiary challenges, and vigorously cross-examined state witnesses. *See, e.g., Valenzuela v. United States,* 261 F.3d 694, 698–99 (7th Cir.2001) (courts must consider reasonableness of counsel's conduct as a whole).

Finally, even had counsel abandoned Angelini during closing argument, Angelini has not demonstrated that there is a reasonable probability that the outcome of the case would have been different. As the district court pointed out, there was substantial evidence supporting the jury's verdicts.

AFFIRMED.