**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jamil GORDON, Defendant–Appellant.**

No. 04–2448.

United States Court of Appeals,
Seventh Circuit.

Submitted March 21, 2005.*

Decided March 24, 2005.

Christina Egan, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Jamil Gordon, Waseca, MN, pro se.

Before BAUER, POSNER, and EVANS, Circuit Judges.

### ORDER

Federal prison inmate Jamil Gordon was indicted on drug trafficking charges and was initially detained pending trial. However, he persuaded a district judge to let him out of detention on pretrial release on the ground that the detention center was not adequately providing for his medical needs. Release was granted on condition that Gordon would remain in 24–hour "home incarceration" and would submit to electronic monitoring. Subsequently, Gordon pleaded guilty and was sentenced to 168 months of imprisonment and five years of supervised release, but he remained under house arrest for 308 days before he began serving his sentence. From prison, Gordon filed a motion in the district court asking the court to grant him sentence credit for the time he spent on house arrest, arguing that it constituted "official detention" under the Sentencing

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Act of 1984 (18 U.S.C. § 3585(b)), which established a right to credit for prior custody. The district court denied the petition, explaining that time spent on release under the conditions of house arrest and electronic monitoring was not "official detention" for the purposes of 18 U.S.C. § 3585(b).

■ The district court is correct on the merits; there can be no doubt after the Supreme Court's decision in *Reno v. Koray*, 515 U.S. 50, 57, 61 n. 4, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), that a defendant who is properly admitted to bail is not in "detention" within the meaning of § 3585(b), no matter how restrictive the conditions. However, we are puzzled that the court did not simply dismiss this case. Gordon sent mixed signals about the kind of action he was trying to file, but what he was asking for was fundamentally a recalculation of his sentencing credits; and that, we have said, requires an action under 28 U.S.C. § 2241, *see Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir.2004); *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir.2000). Consequently, Gordon was subject to all the requirements for an action in habeas corpus under § 2241.

As the government points out, Gordon failed both to name his custodian as the respondent in his suit and to file his petition in a district court with personal jurisdiction over that custodian, *see Samirah v. O'Connell*, 335 F.3d 545, 551–52 (7th Cir. 2003). He also failed to exhaust his administrative remedies by bringing before the BOP his request for recalculation of his sentencing credits, *see Richmond*, 387 F.3d at 604. Our recent decisions have clarified that these requirements are not jurisdictional, *see Moore v. Olson*, 368 F.3d 757, 759–60 (7th Cir.2004); *Romandine*,

206 F.3d at 736, but they are nonetheless grounds for dismissal, *see Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir.2003). The government has properly raised these issues in its brief. Therefore, the order of the district court is VACATED, and the matter is REMANDED with instructions to dismiss the action.