UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois  60604

Submitted July 14, 2006*
Decided July 17, 2006

Before

Hon. THOMAS E. FAIRCHILD, Circuit Judge

Hon. RICHARD D. CUDAHY, Circuit Judge

Hon. MICHAEL S. KANNE, Circuit Judge

No. 06-1633

| | |
|---|---|
| RAYMOND BLAYLOCK | Appeal from the United States |
|     Petitioner-Appellant, | District Court for the Southern |
| | District of Indiana, Indianapolis |
|     v. | Division |
| | |
| MARK A. BEZY, | No. 1:05-CV-1641-JDT-TAB |
|     Respondent-Appellee. | |
| | John Daniel Tinder, |
| | Judge. |

O R D E R

Petitioner Raymond Blaylock petitioned for a writ of habeas corpus.  28
U.S.C. § 2241.  He is a federal prisoner seeking credit for time served on a
Wisconsin state court sentence.  Blaylock was charged in state court with four
offenses, one of them involving firearms.  The state firearm charge was dropped;
federal authorities then indicted him for being a felon in possession of a firearm, 18

---

*After an examination of the briefs and the record, we have concluded that oral
argument is unnecessary.  Thus the appeal is submitted on the briefs and the record.
See Fed. R. App. P. 34(a)(2).

U.S.C. § 922(g)(1), and obtained temporary custody of him by writs of habeas corpus ad prosequendum. He pleaded guilty and was sentenced to 92 months' imprisonment. At sentencing, the district judge commented that the state court might, in its subsequent criminal proceedings against Blaylock for the remaining three state charges, decide to run its sentence concurrent with his federal sentence, but the district judge did not provide that the state and federal sentences should run concurrently. Later the state court sentenced Blaylock to terms of 95 and 120 months for parole violation and robbery. By later amendment, the state court provided that the state and federal sentences should run concurrently.

Blaylock served several years under his state sentence and was then transferred to federal custody to begin his federal sentence. He had asked the federal Bureau of Prisons (BOP) to designate the state prison as the location for serving his federal sentence so that the two terms could run concurrently, but the BOP refused, ordering that his federal sentence would not begin until he completed his state sentence and was transferred to federal custody. He challenged this decision administratively and then sought relief in the district court.

On appeal, Blaylock argues that the BOP erred by refusing to allow him to serve his federal and state terms concurrently in the state prison, stating that this flouted the state court's order and ran afoul of principles of comity between state and federal governments. Comity actually cuts the other way: it would offend the mutual respect between sovereigns to allow a state judge to tell federal authorities to administer a federal sentence concurrently with a state sentence. That is why it is well established that federal officials—BOP agents, acting through power delegated by the U.S. Attorney General—are under no obligation to follow a state judge's order that state and federal sentences are to be served concurrently. Jake v. Herschberger, 173 F.3d 1059, 1065–66 (7th Cir. 1999); Leal v. Tombone, 341 F.3d 427 (5th Cir. 2003) (per curiam); Taylor v. Sawyer, 284 F.3d 1143, 1149–53 (9th Cir. 2002). Rather, BOP agents must determine for themselves what credit to award to a prisoner for time served prior to the start of his federal sentence. See Romandine v. United States, 206 F.3d 731, 737–38 (7th Cir. 2000); Barden v. Keohane, 921 F.2d 476, 483–84 (3d Cir. 1990). Their decision is governed by 18 U.S.C. § 3585(b), which provides: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention . . . that has not been credited against another sentence." Here, BOP officials acted within their power in determining that since Blaylock's time in the state prison already counted toward his state sentence, it should not be permitted to count for his federal sentence as well. See Jake, 173 F.3d at 1065–67.

We have held explicitly that a district judge may not order that a federal sentence be served concurrently or consecutively with a state sentence that does not yet exist. See Romandine, 206 F.3d at 737–38. Rather, since the ordinary

presumption is that multiple sentences are to run consecutively, 18 U.S.C. § 3584(a), in this situation where the district court cannot see into the future and hold to the contrary, the presumption stands and only the Attorney General can rule otherwise. See Romandine, 206 F.3d at 738. That is why Blaylock is unconvincing when he argues that the district judge suggested at sentencing that a concurrent sentence by the state court would be acceptable; the decision is for the Attorney General, not the judge. Id. Moreover, we cannot read the district judge's remarks as ordering that Blaylock's federal and state sentences should run concurrently; he merely contemplated the possibility that the state judge might so order.

The district court's order denying relief is AFFIRMED.