UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 13, 2006
Decided September 6, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

No. 06-1722

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 4:04-CR-40004-001 |
| JAMAL S. SHEHADEH,<br>*Defendant-Appellant.* | G. Patrick Murphy,<br>*Chief Judge.* |

### O R D E R

Jamal Shehadeh was serving a term of supervised release for making a threatening communication, *see* 18 U.S.C. 844(e), when Illinois authorities charged him with intimidation, *see* 720 Ill. Comp. Stat. 5/12-6, and disorderly conduct, *see* 720 Ill. Comp. Stat. 5/26-1, both state crimes. The arrests stemmed from statements that Shehadeh made to several law enforcement agencies after he was arrested for obstructing peace officers who were about to impound Shehadeh's automobile. After the filing of the state charges of intimidation and disorderly conduct, the district court revoked his supervised release and ordered him returned to prison for 12 months, the term to run consecutively to any sentence that a state court would later impose. We affirm the sentence, but remand with instructions to the court to enter a corrected judgment omitting the directive of a consecutive federal term.

## I. Background

Shehadeh was convicted in July 2004 of making a threatening communication, *see* 18 U.S.C. 844(e), and received the maximum sentence of 97 days' imprisonment and three years of supervised release. The district court revoked his supervised release for the first time in December 2004 after Shehadeh was convicted of committing a state crime of harassment by telephone, *see* 720 Ill. Comp. Stat. 135/1-1, while also violating other conditions of his release.[1] After reviewing the violations, the court imposed an additional three months of imprisonment in the federal prison system to be followed by three years of supervised release; the new term of supervised release was to commence in January 2005.

In February 2006, a federal probation officer filed a petition to revoke Shehadeh's supervised release for the second time. The officer recounted that Shehadeh had been cited repeatedly for traffic offenses and was currently facing charges in Illinois for obstructing a peace officer, intimidation, and disorderly conduct. The officer further alleged that Shehadeh had violated other terms of his supervised release by leaving the district without permission, failing to report to his probation officer as directed, and failing to participate in a mental-health program as ordered. Before the state criminal charges were resolved, the district court conducted a revocation hearing and determined that Shehadeh was subject to a range of 6 to 12 months' reimprisonment under applicable Sentencing Guidelines policy statements for violating the terms of his supervised release. Shehadeh admitted the alleged violations except the intimidation and disorderly conduct charges, and the court accordingly ordered the government to present evidence of the allegations.

In response, the government called the probation officer, who testified that Shehadeh had been arrested in the early morning of January 28, 2006, for obstructing a police officer in Taylorville, Illinois. According to his probation officer, after his release from custody Shehadeh made approximately 80 telephone calls within a two-hour span to the county sheriff's department, the Taylorville police, the Illinois state police, and the 911 call center; in each of these calls he complained that he was assaulted while in the custody of the Taylorville police. After the 911 operators instructed Shehadeh to call only if he had a medical emergency or needed to contact the fire department, he insisted that he would continue to call until a

---

[1] In addition to committing harassment by telephone, Shehadeh failed to notify his probation officer that he had contact with law enforcement agents. He also had contact with students at Southern Illinois University at Carbondale, which the conditions of his supervised release prohibited him from doing.

police officer was sent to his house to deal with his complaint. During his calls to the Illinois state police, Shehadeh asked whether it would "take getting a gun involved to get anything done" and stated that someone "is going to end up getting shot" unless he received the assistance he requested. Those statements, which were recorded, underlie the charges for intimidation and disorderly conduct. Based on this evidence, the district court found by a preponderance of evidence that Shehadeh had committed the offense of intimidation,[2] but not disorderly conduct.

While considering the appropriate penalty on revocation, the court heard from Shehadeh, who apologized for the telephone calls and asked the court to consider that he was able to maintain steady employment while he was on release status during the previous year. Defense counsel then addressed the court, emphasizing that Shehadeh was an Eagle Scout, and had, and was currently being treated for, depression and "agitation." The court went on to briefly comment on Shehadeh's criminal history, his history of not abiding by the conditions of his supervised release, and the pending state charges; it concluded that Shehadeh was a threat to himself and to others. The court then adopted the recommended sentencing range of 6 to 12 months' reimprisonment and imposed a 12-month term to "run consecutive to whatever he gets on the [state] charge up there."

## II. Analysis

Shehadeh makes two arguments on appeal. First, he contends that the district court exceeded its authority under 18 U.S.C. § 3584(a) when it ordered the new term of imprisonment to run consecutively to a state sentence that had not as of that date been imposed. Second, he argues that the 12-months' imprisonment is unreasonably long.

The government concedes that under *United States v. Romandine*, 206 F.3d 731 (7th Cir. 2000), the district court committed error when running Shehadeh's term of reimprisonment consecutively to the unimposed state sentence. We agree, as section 3584(a) permits a district court to run a term of imprisonment consecutively to another term only when both are imposed at the same time or the other term was previously imposed, but not consecutively to an unimposed term of imprisonment. 18 U.S.C. § 3584(a); *Romandine*, 206 F.3d at 738.

---

[2]     A person commits intimidation when he communicates to another person a threat to inflict physical harm on the person threatened or any other person, or to expose any person to hatred, contempt or ridicule. *See* 720 Ill. Comp. Stat. 5/12-6.

We are thus left to determine the appropriate remedy for the district court's error. Although Shehadeh and the government agree that the district judge improperly ordered that Shehadeh's federal term was to run consecutive to the imposition an anticipated state sentence, they do little to explain how the judgment in its present form actually harms Shehadeh. Shehadeh argues that he is harmed because the district court's order "effectively limit[s] the state court's ability to impose a sentence that will run concurrent with the federal sentence." If the state takes custody of Shehadeh before he serves his federal sentence, he argues, the order will prevent the Bureau of Prisons ("BOP") from crediting any time spent in state custody toward his federal sentence. Thus, he asks that his federal prison term be vacated and the case remanded so the sentencing court can remove the part of the order that mandates that the sentence run consecutive to any future anticipated sentence. The government, in contrast, essentially states that Shehadeh has, to date, suffered no harm, and accordingly suggests a remand for the limited purpose of amending the judgment to eliminate the objectionable language.

Shehadeh is mistaken in thinking that the judgment in its present form will limit the state court's discretion when sentencing him. In instances when a criminal defendant is sentenced by more than one court, it is the second sentencing court that has the authority to run its imposed sentence concurrently or consecutively. *See Romandine*, 206 F.3d at 738 ("The next judge in line may make service concurrent in practical effect. For example, the state judge could have given [the defendant] a discount of 10 months on account of his undischarged federal sentence."); *see also United States v. Quintero*, 157 F.3d 1038, 1041 (6th Cir. 1998) (explaining policy considerations as to why authority to run sentences concurrent or consecutive lies with the second sentencing tribunal). In fact, the district court's directive that the federal term run consecutively is void; it cannot bind the state court, and neither can it bind the BOP. *See Romandine*, 206 F.3d at 738 (explaining that Attorney General, through the BOP, has discretion to decide whether a later-imposed sentence should run concurrently or consecutively to federal term, and that discretion must be exercised "without supposing that the district judge's views . . . forbid concurrent sentence"); *see also Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) ("Federalism concerns are implicated because the federal BOP is given the effective authority to enforce (or not) a state court's determination that a state sentence should run concurrently."); *Barden v. Keohane*, 921 F.2d 476, 482-84 (3d Cir. 1999) ("[T]he Bureau [of Prisons] failed to recognize its own power because it mistakenly thought that it was solely within the province of the sentencing court to determine concurrency; however, the sentencing court not only was unable to order concurrency because it sentenced [defendant] before the state did but was actually powerless to do so.").

We believe it proper to remand the case to the district court to allow it to enter a corrected judgment to ensure that no future question or confusion arises

from the present judgment. But we refuse to embrace Shehadeh's suggested remedy of a full resentencing. In fact, vacating the term of imprisonment and starting fresh would be pointless—and possibly detrimental—as far as Shehadeh is concerned. For reasons unexplained, Shehadeh has failed to advise us whether the state proceedings have been resolved, or if not when they will be resolved, much less how much time he has to serve on his 12-month prison term (the BOP website gives his projected release date as "unknown"). In fact, what evidence Shehadeh has proffered suggests that his federal term will probably expire before any action is taken by the state. But if the state proceedings have been resolved, then Shehadeh's demand for "full resentencing" would open the door for the district court to do exactly what it tried to do: impose the federal term consecutively to the (now existing) state sentence under § 3584(a). Thus, reentering the judgment without the directive to run the terms of confinement consecutively is the more appropriate remedy.

Shehadeh's challenge to his 12-month term of imprisonment on reasonableness grounds likewise fails. He does not dispute that his range of 6 to 12 months was properly calculated, and since the term imposed falls within that range it is presumptively reasonable. *See United States v. Davis*, 442 F.3d 1003, 1010 (7th Cir. 2006) (citing *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005)); *United States v. Castro-Juarez*, 425 F.3d 430, 433 (7th Cir. 2005) ("[R]eview of a prison term imposed upon revocation [of supervised release] has always been for reasonableness . . . ."). Shehadeh argues that the district court misapplied § 3553(a) by failing to properly weigh such mitigating facts as the nature and circumstances of his intimidation offense, his history of steady employment, and his history of depression and "agitation." He concedes that the district court addressed these facts. Simply because the court gave different weight to these facts does not make his sentence unreasonable. *See United States v. Baker*, 445 F.3d 987, 991-92 (7th Cir. 2006); *United States v. Ortiz*, 431 F.3d 1035, 1042-43 (7th Cir. 2005)).

## III. Conclusion

We AFFIRM the district court's imposition of a 12-month term of reimprisonment, but REMAND with instructions to the original sentencing court to enter a corrected judgment and omit the directive of a consecutive federal term.