# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2690

_____

United States of America,

        Appellee,

    v.

Douglas J. Turner,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: October 2, 2007
Filed: October 5, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Douglas J. Turner appeals the district court's[1] denial of his Federal Rule of Criminal Procedure 36 motion to correct an error in his 151-month sentence imposed following his guilty plea to a drug charge. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1976), challenging the denial of the Rule 36 motion without a hearing. We affirm.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Rule 36 states that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Here, the oral pronouncement of sentence did not differ from the written judgment (or any other part of the record), and we conclude that the district court's failure to specify, sua sponte, whether Turner's federal sentence would run concurrently with or consecutively to any future state sentence was not an error, clerical or otherwise. See United States v. Ferguson, 918 F.2d 627, 628-30 (6th Cir. 1990) (per curiam) (district court properly denied defendant's request to correct federal sentence to run concurrently with subsequently imposed state sentence because such relief was not within ambit of Rule 36's power to correct clerical errors, oversights, and omissions); see also Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000) (requests for sentence credit must be presented to Attorney General or Bureau of Prisons, and adverse decisions may be reviewed in 28 U.S.C. § 2241 action).

We have found no nonfrivolous issues for appeal after our review of the record under Penson v. Ohio, 488 U.S. 75, 80 (1988). Accordingly, we affirm, and we grant counsel's motion to withdraw. We deny Turner's motion for substitute counsel.

_____