**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2019[*]
Decided March 13, 2019

*Before*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2427

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for Northern District of |
| | Indiana, Hammond Division. |
| *v.* | |
| | No. 2:10-CR-222 JVB |
| FAIRLY EARLS, | |
| *Defendant-Appellant*. | Joseph S. Van Bokkelen, |
| | *Judge*. |

**O R D E R**

Fairly Earls was convicted in the Northern District of Indiana of lying in a passport application, aggravated identity fraud, and identity theft, 18 U.S.C. § 1542, § 1028A(a)(1), § 1028(a)(2), and sentenced to 60 months' imprisonment. While serving his sentence, Earls was transferred from federal prison to Wisconsin state custody and tried for first-degree sexual assault of a child and bail jumping. He was convicted and sentenced to a total of 90 years' imprisonment, and he is currently incarcerated in

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Wisconsin state prison. Seeking a declaration that he has now completed his federal sentence, he filed a "Motion Pursuant to Federal Rule 60(b)(5)" in his criminal case in the Northern District of Indiana. The district court properly denied Earls any relief, but we conclude that it should have construed the request as a petition under 28 U.S.C. § 2241 and dismissed it.

After five years total in federal and state prison, Earls requested a letter from the Federal Bureau of Prisons declaring that he had completed his federal sentence. In response, the Bureau contacted the district court to ask if it had intended Earls's federal sentence to run "concurrently" with the state sentence that was imposed years later. The court answered the Bureau by issuing an order stating that, because it "did not order the sentence to be served concurrently with anticipated state court sentence, the default provision of [18 U.S.C.] § 3584 applies and the federal court sentences runs consecutively to the state court sentences." Earls appealed the order to this court.

We dismissed that appeal for lack of jurisdiction because the district court's order was not an appealable decision; it was just a response to the Bureau of Prisons. *United States v. Earls*, No. 15-3651 (7th Cir. Apr. 6, 2016). We stated that Earls's proper course was to exhaust his administrative remedies, and if unsuccessful, petition the federal court for review under 28 U.S.C. § 2241. *Id.* (citing *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000); *Barden v. Keohane*, 921 F.2d 476, 479 (3d Cir. 1990)).

Instead, Earls filed a "Motion Pursuant to Civil Rule 60(b)(5)," asking the district court for an order that he had "satisfied" the judgment—a declaration that he had completed his federal sentence. The court denied the motion because, it reasoned, it had no authority under the Federal Rules of Civil Procedure to grant the relief sought. This appeal followed.

The district court was undoubtedly correct that Federal Rule of Civil Procedure 60, like all the civil rules, does not apply in criminal cases. *See* FED. R. CIV. P. 1. But, in situations like this, when there is no civil proceeding underway, a court should examine the substance, not just the label, of the pro se filing, and if it calls out for post-conviction relief, construe it as a collateral attack under the appropriate statute—28 U.S.C. § 2255 or § 2241. *See Castro v. United States*, 540 U.S. 375, 381–83 (2003); *Melton v. United States*, 359 F.3d 855, 857–58 (7th Cir. 2004).

Here, it would be inappropriate to construe Earls's filing as a § 2255 motion because it is not challenging the validity of his sentence or seeking to have it vacated.

*Romandine*, 206 F.3d at 736. Rather, Earls wants time he served in state custody credited against his federal sentence, and such "[r]equests for sentence credit, or for recalculation of time yet to serve … must be presented to the Attorney General (or [his] delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241." *Id.* As we stated in Earls's last appeal, a § 2241 petition (after he has exhausted his administrative remedies) is the only avenue for the type of relief Earls wants. Thus, the district court should have reclassified Earls's motion. *See Setser v. United States*, 566 U.S. 231, 244 (2012); *Romandine*, 206 F.3d at 736.

But the district court could not have granted relief, or even evaluated the merits of Earls's petition, because he filed it in the wrong court. A § 2241 petition must be filed in the judicial district that contains the prisoner's place of confinement. 28 U.S.C. § 2241(a); *e.g., al-Marri v. Rumsfeld*, 360 F.3d 707, 709–10, 712 (7th Cir. 2004). Earls is incarcerated in Portage, Wisconsin, located in the Eastern District of Wisconsin. The federal district court there is the proper venue for Earls's petition.

Accordingly, we VACATE and REMAND to the district court with instructions to dismiss the petition without prejudice.