**Mark A. JONES, Petitioner–Appellant,**

v.

**David L. WINN, Warden, Respondent–Appellee.**

No. 01–1161.

United States Court of Appeals, Seventh Circuit.

Submitted June 27, 2001.*

Decided June 29, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before POSNER, RIPPLE, and
DIANE P. WOOD, Circuit Judges.

## ORDER

Mark A. Jones petitioned under 28 U.S.C. § 2241 for an order compelling the federal Bureau of Prisons to effectively reduce his federal prison time by the number of days he spent in state custody from the date of his arrest by state law enforcement until the date some two years later that he was turned over to BOP. The district court denied the petition and we affirm.

Mr. Jones was in Michigan custody awaiting trial on state cocaine charges when federal authorities in the Eastern District of Michigan charged him with conspiracy to distribute a controlled substance, 21 U.S.C. §§ 846, 841(a); two counts of possession of cocaine with intent to distribute, id. § 841(a)(1); and possession of ammunition by a felon, 18 U.S.C. § 922(g)(1). Mr. Jones was turned over to the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum, whereby a prisoner is "borrowed" by one sovereign from another, and after pleading guilty to the federal indictment he was sentenced on August 22, 1996, to a total of 156 months' imprisonment. He was then returned to Michigan authorities, and on October 3, 1996, a state court imposed a two- to eight-year term of imprisonment to run concurrently with his federal sentences. In sentencing Mr. Jones the state court gave him credit for 424 days he spent in jail before the state sentencing hearing.

On November 4, 1997, Mr. Jones completed his state sentence and was released to BOP, which gave him just five days of presentence credit for days that Michigan had not counted against his state time. After learning that he would not get any other credit for time spent in state custody, Mr. Jones pursued BOP administrative remedies. He argued first that he should receive credit for jail time from the date of his arrest by Michigan law enforcement on July 27, 1995, to the date of his federal sentencing hearing. He also insisted that his federal sentences should have begun running on the date of imposition, and that BOP should designate, *nunc pro tunc*, the Michigan prison as the place of confinement for service of his federal sentences during the 15 months between his federal sentencing and his arrival at BOP. BOP denied his requests, and Mr. Jones, who is now confined at FCI Pekin in Illinois, turned to the district court with his § 2241 petition.

The Attorney General, acting through BOP, has the responsibility for administering a defendant's sentence. *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed.") In fulfilling this duty, BOP calculates the prisoner's sentence, including determining as an administrative matter any applicable credits. *Id.* We have the authority to adjudicate issues of law surrounding that determination when presented in a petition for writ of habeas corpus after exhaustion of administrative remedies. *See United States v. Jones*, 34 F.3d 495, 499 (7th Cir.1994). We review BOP's actions deferentially. *See Barden v. Keohane*, 921 F.2d 476, 478 (3rd Cir. 1990); *See also Romandine v. United States*, 206 F.3d 731, 738 (7th Cir.2000).

Mr. Jones first argues that BOP should have credited him for presentence jail time beginning with his arrest by Michigan law enforcement on July 27, 1995, up to the date of his federal sentenc-

ing hearing, August 22, 1996. But BOP had no statutory authority to credit Mr. Jones for any additional days because Michigan authorities had credited the same period against his state sentence. *See* 18 U.S.C. § 3585(b); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000)(" § 3585(b) forbids the BOP from giving credit for presentence custody when that credit has already been applied against another sentence."). The state applied 424 of the days Mr. Jones was jailed before his federal sentencing against his state term, and BOP gave him credit for the other five. Mr. Jones thus received all the credit to which he was entitled.

 Mr. Jones further argues that, because the state court ordered its sentence to run concurrently with the previously imposed federal sentences, the BOP should have calculated his federal sentences to run concurrently so as to carry out the state court's intention. Mr. Jones insists that, to effect this result, BOP should have deemed his federal sentences to have started running on the date they were imposed, and should also have granted him a *nunc pro tunc* designation of the state prison as the place of service of his federal sentences.

Generally, a prison sentence "commences on the date the defendant is received in custody ... [at] the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Although Mr. Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of habeas corpus ad prosequendum, he remained in the primary custody of Michigan authorities at all times until completion of his state sentence. *See Jake v. Herschberger*, 173 F.3d 1059, 1061 n. 1 (7th Cir.1999). He thus was not "received in custody" by the federal government until November 4, 1997, and his sentences accordingly began to run on that date.

In this regard, the district court correctly concluded that Mr. Jones's federal sentences ran consecutively to his later-imposed state sentence. The relevant statute presumes that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Here, the sentencing court was silent as to whether the federal sentences should run concurrently or consecutively to any state sentence that would later be imposed; indeed, a district court could hardly make reference to a state sentence that does not yet exist. *See Romandine*, 206 F.3d at 737. Thus, Mr. Jones's federal sentences automatically ran consecutively to the later-imposed state sentence by operation of law. *See id.* Contrary to Mr. Jones's assertions, the Michigan court's decision to make the state sentence concurrent with the federal sentences does not require a different result. *See Jake*, 173 F.3d at 1065 (determination as to concurrence of sentence made by one sovereign does not bind any other sovereign).

Plainly, then, BOP was not required to grant Mr. Jones a *nunc pro tunc* designation of the state prison as the place of service of his federal sentences. BOP has broad statutory discretion to designate any correctional facility as the place of confinement for service of a federal sentence, and must consider *a nunc pro tunc* designation request but has no obligation to grant it. 18 U.S.C. § 3621(b); *Barden*, 921 F.2d at 478. After seeking guidance from the district court and receiving a recommendation from the United States Probation Office that Mr. Jones's sentence should not run concurrently with any other state or federal sentence, BOP considered the request in light of public policy and the interests of justice, concluding that neither would be served by a *nunc pro tunc* designation in

Mr. Jones's case. This was all BOP was required to do.

Accordingly, we AFFIRM the decision of the district court.