**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark Anthony JONES, also known as Patrick Irby, also known as Stanley Robert Page, also known as John Johnson, Defendant–Appellant.**

No. 03–1938.

United States Court of Appeals, Sixth Circuit.

May 3, 2004.

Mark C. Jones, Asst. U.S. Attorney, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Mark Anthony Jones, #19706–039, Lisbon, OH, pro se.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; and RICE, District Judge.*

*ORDER*

Mark Anthony Jones, proceeding pro se, appeals a district court judgment denying his motion for a reduction of his sentence filed pursuant to 18 U.S.C. § 3582(c). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In July 1995, Jones was arrested by Michigan police officers and held in state custody. In August 1995, Jones was indicted by a federal grand jury. On August 4, 1994, a federal detainer was set. On May 9, 1996, Jones pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced him to a total of 156 months of imprisonment. On August 29, 1996, Jones pleaded guilty in state court to possessing less than twenty-five grams of cocaine. On October 30, 1996, the state court sen-

tenced Jones to two to eight years of imprisonment. The Michigan authorities credited Jones with the detainer period against his state sentence. *Jones v. Winn*, 13 Fed.Appx. 419 (7th Cir.2001).

Thereafter, the Seventh Circuit denied Jones's 28 U.S.C. § 2241 petition for habeas corpus relief, in which he argued that: 1) the Bureau of Prisons (BOP) had erred by failing to grant his request for designation of the Michigan correctional facility as the place of his federal confinement; and 2) the BOP improperly calculated his sentence. Subsequently, he filed a motion to amend judgment, and the district court denied the motion.

In January 2003, Jones filed his § 3582(c) motion to modify his sentence (Att.3), essentially arguing that he is entitled to federal sentencing credit from the date his federal detainer was set, on August 4, 1995, until the date of his federal sentencing, on August 22, 1996. In support of his argument, Jones cites to U.S.S.G. § 5G1.3. Upon review, the district court denied Jones's motion, concluding that he had not cited to any amendment to the United States Sentencing Guidelines that would permit the court to modify his sentence pursuant to § 3582. Jones has filed a timely appeal, reasserting his claim. He has also filed a motion for the appointment of counsel.

Upon review, we conclude that the district court did not abuse its discretion when it denied Jones's § 3582 motion. *See United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir.1997). A district court is given the discretion to decide a motion to reduce sentence filed under § 3582(c)(2) based on a sentencing range that has been subsequently lowered by the United States Sentencing Commission. Jones does not

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

claim that the Sentencing Commission has amended the guidelines so as to lower his applicable sentencing range. Instead, he argues that he is entitled to federal sentencing credit from the date his federal detainer was set until the date of his federal sentencing. However, § 5G1.3 addresses a court's authority to sentence a defendant to consecutive or concurrent sentences. Furthermore, the only amendment to the United States Sentencing Guidelines concerning § 5G1.3 is Amendment 645, which addresses situations where there is a discharged term of imprisonment at the time of sentencing. *See* U.S.S.G. § 5G1.3, application note 7. Amendment 645 is not applicable to this case, because Jones's state sentence was not discharged at the time of his federal sentence. Moreover, Amendment 645 is not on the list of amendments found at U.S.S.G. § 1B1.10(c) which are to be given retroactive effect. This court has held that an amendment specifically listed in U.S.S.G. § 1B1.10(c) has retroactive effect, while amendments not listed are not to be applied retroactively. *United States v. Dullen*, 15 F.3d 68, 70–71 (6th Cir.1994). Hence, the district court properly denied Jones's motion to modify his sentence.

Accordingly, we deny the motion for the appointment of counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.