**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 13, 2005
Decided September 14, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1600

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| v. | |
| ARMANDO REYES-CAMPOS, *Defendant-Appellant*. | No. 04-CR-161-S-01 |
| | John C. Shabaz, *Judge*. |

### O R D E R

Mexican citizen Armando Reyes-Campos was removed from the United States in July 2003, just days after Wisconsin paroled him to immigration authorities.  He reentered the United States in October 2003 and made his way back to Wisconsin, where police stopped him for a traffic violation in May 2004.  State authorities first revoked his parole and returned Reyes-Campos to prison, and then in December 2004 he pleaded guilty in federal court to being in the United States without permission after his removal.  *See* 8 U.S.C. § 1326(a).  In February 2005 the district court sentenced him to 70 months' imprisonment, to run consecutively to the Wisconsin sentence.  Reyes-Campos filed a notice of appeal, but his appointed counsel moves to withdraw because he cannot discern a nonfrivolous basis for the appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  We invited

Reyes-Campos to comment on counsel's motion, *see* Cir. R. 51(b), but he has not done so. Our review is limited to the potential issues counsel has identified. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

To start, we note counsel's representation that Reyes-Campos has not expressed a desire to have his guilty plea set aside. Accordingly, counsel appropriately avoids any discussion of the plea colloquy or the voluntariness of Reyes-Campos' guilty plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

That leaves only the sentence, and counsel first questions whether Reyes-Campos might have a nonfrivolous issue based on *United States v. Booker*, 125 S. Ct. 738 (2005). Counsel explains that a *Booker* argument would be frivolous because the district court, in choosing an appropriate sentence, correctly calculated the advisory guideline range and considered that range along with the other factors in 18 U.S.C. § 3553(a). We agree. *See United States v. Alburay*, 415 F.3d 782, 786-87 (7th Cir. 2005); *United States v. Dean,* 414 F.3d 725, 728 (7th Cir. 2005). And since the sentence imposed is at the low end of the 70- to 87-month guideline range, we also conclude that it would be frivolous for Reyes-Campos to argue on this record that the sentence is unreasonable. *See United States v. Bryant*, 2005 WL 2000981, at *5 (7th Cir. Aug. 22, 2005)*; United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Counsel also questions whether Reyes-Campos might argue that the district court should have run his federal sentence concurrently with the remainder of his Wisconsin prison term. A district court has discretion to impose a federal sentence consecutively to an undischarged state sentence, *see* 18 U.S.C. § 3584(a); *Romandine v. United States*, 206 F.3d 731, 737 (7th Cir. 2000), and here the court explicitly opted for a consecutive term because of the perceived need to "provide an incremental penalty, protect the community, and afford adequate deterrence to criminal conduct." Reyes-Campos had promised the probation officer he would return again if removed from the United States after his release from federal prison; that vow shows that any disagreement with the court's application of § 3584(a) would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.