**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ricky EVANS, Defendant–Appellant.**

**No. 92–3147.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 7, 1993.*

Decided Aug. 11, 1993.

———

K. Tate Chambers, Asst. U.S. Atty., Office of the U.S. Atty., Peoria, IL, for plaintiff-appellee.

Daniel G. O'Day, Cusack & Fleming, Peoria, IL, for defendant-appellant.

Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.

PER CURIAM.

In a state prosecution Ricky Evans was found guilty of participating in a criminal drug conspiracy, a Class X felony under Illinois law. He was sentenced to serve ten years in an Illinois prison. A year later Evans was indicted on federal drug conspiracy charges relating to the same conduct, to which he pleaded guilty. Under the Sentencing Guidelines Evans was eligible for a term of 121–151 months. Since he had already served twenty-three months in state prison for conduct taken into account when arriving at this range, the court subtracted twenty-three months from the bottom of the range and sentenced Evans to serve ninety-eight months, concurrent with his state sentence. *See* U.S.S.G. § 5G1.3(b). On appeal, Evans contends that he should have received good time credit against his federal sentence for the time he had already spent in state custody.

Guideline section 5G1.3(b) provides that when a defendant is serving "an undischarged term of imprisonment [that] resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." The sentencing court applied section 5G1.3(b) correctly, following the example set forth in application note 2 to that section. That application note does not refer to good time at all, and there is no need for it to do so. The federal good time statute, 18 U.S.C. § 3624, makes it clear that it is the Bureau of Prisons, not the court, that determines whether a federal prisoner should receive good time credit. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir.1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 43(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

sentence and applying appropriate good time credit."); *see* 28 C.F.R. § 0.96(v). *Cf. United States v. Wilson,* —— U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (Attorney General, not sentencing court, determines credit given for time spent in custody prior to commencement of the sentence); *United States v. Dennis,* 926 F.2d 768 (8th Cir.1991) (same); *United States v. Lucas,* 898 F.2d 1554 (11th Cir.1990) (same). Thus Evans must ask the Bureau of Prisons for the credit he seeks, and the district court did not err in refusing to award good time credit against his federal sentence for time spent in state custody.

AFFIRMED.