**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Clifford JONES, Defendant–Appellant.**

No. 93–3024.

United States Court of Appeals,
Seventh Circuit.

Argued June 9, 1994.

Decided Sept. 2, 1994.

Matthew R. Bettenhausen, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Div., Chicago, IL, Barry R. Elden, Pamela Pepper (argued), Asst. U.S. Attys., Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

Nan R. Nolan (argued), Robinson, Curley & Clayton, Chicago, IL, for defendant-appellant.

Before CUMMINGS, ESCHBACH, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Clifford Jones pled guilty to operating a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). After Mr. Jones' sentencing, the government moved for a reduction in sentence of forty percent pursuant to Federal Rule of Criminal Procedure 35(b) to reflect Mr. Jones' continued assistance to the government. Mr. Jones filed a memorandum in support of the government's motion, but requested a greater reduction in sentence than that proposed by the government. The district court granted the government's motion, but reduced the sentence by only forty percent. Mr. Jones appealed and, for the reasons that follow, we affirm in part and dismiss in part for want of jurisdiction.

I

## BACKGROUND

In 1984, Mr. Jones began operating a cocaine organization in the Waukegan/North Chicago community in Lake County. He purchased cocaine by the kilogram or half-kilogram and then, with the help of a staff of workers, packaged the cocaine into quarter-gram bags for retail sale. Mr. Jones apportioned the bags to workers in various drug houses, who in turn gave them to runners for distribution to customers. Mr. Jones laundered some of the proceeds from these transactions through the purchase of security services, automobiles, and other property. Mr. Jones' drug sales and laundering activities continued until he was arrested in November 1989.

After his arrest, Mr. Jones agreed to, and did, cooperate extensively with authorities. He later pled guilty to operating a continuing criminal enterprise. Although the mandatory sentence for a defendant convicted of running a continuing criminal enterprise is twenty years, the government made a motion pursuant to U.S.S.G. § 5K1.1 asking the sentencing court to depart downward to reflect Mr. Jones' cooperation. Accordingly, on May 14, 1992, the district court sentenced Mr. Jones to serve ten years—or half of the mandatory minimum sentence.

On April 14, 1993, based on Mr. Jones' post-sentencing cooperation, the government moved the sentencing court for a further reduction in sentence pursuant to Federal Rule of Criminal Procedure 35(b). The government asked the court to reduce the ten-year sentence by an additional forty percent. Mr. Jones filed his own memorandum in support of the government's motion. He asked the court to reduce the sentence beyond the forty percent requested by the government. Mr. Jones gave several reasons why the court should grant his request. First, he submitted that his cooperation with the government had been extraordinary; in support, he pointed to the number of individuals he had implicated, the numerous times he had engaged these people in taped conversations, the testimony he had given before the grand jury and at trial, and the meetings

he had had with agents on the case. Second, Mr. Jones argued that the district court should reduce his sentence to bring it in line with the sentences given to other cooperating defendants in other cases in the Northern District of Illinois. Third, Mr. Jones urged the court to consider the losses he had suffered in providing the needed information. In the alternative, Mr. Jones asked the court to give him credit against his sentence for the thirty-one months he spent on bond cooperating with federal agents. Mr. Jones maintained that, because he had no freedom while out on bond, he should receive credit for this time against the sentence imposed.

The district court held a hearing on the government's motion. At this time, counsel for Mr. Jones again asked the sentencing court to reduce his sentence further than the forty percent requested by the government. Mr. Jones gave two reasons for his request: (1) he provided a great deal of information to the government during his cooperation, much of it prior to learning what charges would be brought against him, yet received a sentence of ten years even after the government's original departure; and (2) other cooperators in the Northern District of Illinois received lesser sentences than he. At the hearing, Mr. Jones did not repeat his request to have his cooperation time credited against this sentence. Rather, defense counsel stated:

> Let me say one more thing. The other reason I picked three to four [years] is I think, under this new Supreme Court [*United States v. Wilson,* — U.S. —, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) ] case, your hands are kind of tied. But Clifford was on the tightest leash in the world. When he was released on bond here he was released to the custody of the agent. He, in effect, was on a house arrest. I think the new Supreme Court case does not allow you to take that into consideration technically. In fact, I know it doesn't. They say that is only up to the Bureau of Prisons. But I am suggesting to you that, since you can't do that, ... the only thing you unequivocally can do today is you can say I'm reducing your sentence to three to four years, or whatever you are going to do, and nobody can then undo

that, if you happen to agree with what I have said to you.

Supp.R. 13.

The government admitted Mr. Jones' extensive cooperation, but believed that the proposed forty percent reduction adequately compensated for his contribution. Additionally, the government believed that the cases of cooperation cited by Mr. Jones were distinguishable; in the government's view, the cases in which the defendants had received lesser sentences involved defendants who had put themselves at considerable risk by reporting people higher up in the criminal enterprise. Supp.R. 16.

After considering the arguments, the district court refused Mr. Jones' request to reduce the sentence beyond the government's proposed forty percent. The court noted that Mr. Jones was at the center of the criminal enterprise. The court then stated:

> In good conscious [sic], Mr. Jones, I can't go below what the government has recommended, which is six years' custody, seventy-two months' custody in this case. This does represent a huge downward departure.... I am sure, if the government pressed harder and longer, they probably could have gotten sufficient evidence to prosecute you without offering you any deal whatsoever, which would mean you would be gone—the upper end of the guidelines, I don't know what they would be—and you would probably qualify for that because of the nature of the crime.

Supp.R. 18–19.

Mr. Jones appeals the district court's failure to reduce his sentence beyond that proposed by the government.

## II

## DISCUSSION

Mr. Jones presents three arguments in this court. First, Mr. Jones suggests that the extraordinary service he rendered to the government, or in the alternative, the extreme sentence he received in comparison to other cooperators, renders his sentence of six years unfair. Second, he maintains that the district court erred by failing to consider

whether he should receive credit for his time spent in assisting the government. Finally, in his reply brief, Mr. Jones argues that the time he spent in pretrial service to the government should be grounds for a downward departure. We address each of these in turn.

### A. *Appropriateness of the Reduction*

■ Our review of a district court's grant or denial of a Rule 35(b) motion is "extremely limited." *United States v. Makres,* 937 F.2d 1282, 1286 (7th Cir.1991) (quoting *United States v. Rovetuso,* 840 F.2d 363, 365 (7th Cir.), *cert. denied,* 484 U.S. 903, 108 S.Ct. 245, 98 L.Ed.2d 203 (1987)). "A Court of Appeals has no power 'to change or reduce sentences imposed within the requisite legislative limits on the ground that the sentence is too severe, unless the trial court failed to exercise any discretion at all in imposing the sentence.'" *United States v. Plain,* 856 F.2d 913, 916 (7th Cir.1988) (quoting *United States v. Dawson,* 642 F.2d 1060, 1062 (7th Cir.1981) (citations omitted)). With this deferential standard in mind, we turn to Mr. Jones' arguments.

■ Mr. Jones' first contention, that the district court failed to consider the extraordinary nature of his cooperation, is without merit. In its ruling on the government's 35(b) motion, the district court considered both the nature of the offense for which Mr. Jones was sentenced and the extent of his cooperation with the government. The district court first noted that Mr. Jones was at the center of the drug distribution and money laundering scheme: "He was the constant in this case and everybody else were the mules." Supp.R. 17. The court also acknowledged that Mr. Jones cooperated against a total of nineteen individuals. *Id.* at 18. In addition, it realized "how important cooperation is to the war on crime, particularly the war on drugs." *Id.* at 19. Nevertheless, the court concluded that, based on the evidence before it, it could not in good conscience go below what the government had recommended. The court therefore "reluctantly" granted the motion. *Id.* at 19. It is evident from the district court's statements that it considered Mr. Jones' cooperation and the importance of encouraging cooperation generally in reducing Mr. Jones' sentence. It balanced this factor, however, with Mr. Jones' central role in the enterprise. Consequently, it granted the government's motion, but given the countervailing considerations, refused to reduce Mr. Jones' beyond forty percent.

Mr. Jones' alternative contention, that the district court abused its discretion in failing to reduce further Mr. Jones' sentence because similarly situated defendants in the Northern District of Illinois had received greater reductions, fares no better. Mr. Jones' reference to reductions granted others hardly establishes that the district court "'failed to exercise any discretion at all in imposing the sentence.'" *Plain,* 856 F.2d at 916. Indeed, Mr. Jones has failed even to demonstrate how his situation is analogous to the examples he provides. Mr. Jones mentions little of the crimes for which these defendants were convicted, their roles in those offenses, the extent of their cooperation, or any further details that would have allowed the district court to compare the reductions properly. Additionally, it is certainly appropriate to note that Mr. Jones has received a reduction in total sentence of sixty-six percent—or fourteen years of his mandatory twenty-year sentence. Even if we accept the raw sentencing data submitted in Mr. Jones' brief, similarly situated narcotics defendants have not fared as well; their total deductions have been only fifty percent or five years of their ten-year sentences. *See* Appellant's Br. at 13–14.[1]

In light of the soundly reasoned district court analysis, it is clear that the district court's determination was "within the range

---

1. Mr. Jones, in his reply brief, also argues that the district court erroneously focused on the assistance he rendered before sentencing and failed to consider both the information given to the government about his suppliers and the personal risk that he incurred in giving such information. Although it is true that, in assessing Mr. Jones' cooperation, the district court looked to the nature of the conspiracy and Mr. Jones' role in it, we do not believe that Mr. Jones' point was lost on the district court. The district court noted that the aid Mr. Jones had rendered was at "a considerable risk to [himself]." Supp.R. 20.

of options from which one could expect a reasonable trial judge to select." *United States v. Koen,* 982 F.2d 1101, 1114 (7th Cir.1992). Therefore, the failure to reduce the sentence further was not an abuse of discretion.

## B. *Credit for Supervised Release*

▇▇ Mr. Jones also submits that the district court should have considered the time he spent in service of the government when it determined the appropriate reduction. We do not have jurisdiction to consider this argument. In *United States v. Wilson,* —— U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), the Supreme Court determined that only the Attorney General of the United States, through the Bureau of Prisons, has authority to determine when to give a defendant credit against a sentence for time he has served. *See also Kayfez v. Gasele,* 993 F.2d 1288 (7th Cir.1993) ("The Attorney General, acting through the Bureau of Prisons, makes the [time served] calculations 'as an administrative matter when imprisoning the defendant.' ") (quoting *Wilson,* —— U.S. at ——, 112 S.Ct. at 1355). This court has held that it has the authority to adjudicate issues of law surrounding that determination when presented to the courts in the form of a petition for a writ of habeas corpus after the exhaustion of administrative remedies. *See United States v. Springs,* 988 F.2d 746, 749 (7th Cir.1993) ("Whether Springs receives credit on this sentence for the time spent under house arrest is for the Attorney General to determine in the first instance."); *Ramsey v. Brennan,* 878 F.2d 995 (7th Cir. 1989) (determining on habeas review that time spent in a half-way house did not constitute "custody" for purposes of credit under § 3568); *see also United States v. Brann,* 990 F.2d 98, 103 (3d Cir.1993) ("We don't reach the question of whether house arrest can in fact qualify as pretrial detention. The

issue of whether there has been proper credit of any prior custody to the term of Brann's sentence is not ripe. . . . The Attorney General has the power to grant credit for pretrial custody in the first instance.").[2] Similarly, whether or not the time Mr. Jones spent on conditional bond constitutes "official detention" also is a determination that first must be made by the Attorney General.

## C. *Request for a Downward Departure*

Mr. Jones in his reply brief seeks to characterize his argument to the district court—that it should consider his time spent cooperating with the government—as a request for a downward departure. Mr. Jones contends that 18 U.S.C. § 3553(b) allows the court to consider an aggravating or mitigating circumstance not adequately taken into consideration by the Sentencing Commission. Time spent in assistance to the government, argues Mr. Jones, is such a circumstance.

▇▇ We, however, believe that Mr. Jones' argument suffers from several very basic defects. First, it was not made clearly to the district court and was not presented at all in Mr. Jones' opening brief. Our caselaw provides that an argument not made in the opening brief is waived. *See United States v. Berkowitz,* 927 F.2d 1376, 1391 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 141, 116 L.Ed.2d 108 (1991). Thus, Mr. Jones has waived this argument. Even if the submission were properly before us, we would not have jurisdiction over the decision of the district court not to depart downward. *United States v. Sablotny,* 21 F.3d 747, 749 (7th Cir.1994). Finally, we believe the argument, even if properly presented,[3] would be meritless. The district court did consider the time Mr. Jones spent cooperating with the government. The district court stated:

> That twenty-eight months is one of the reasons why you didn't get twenty years

**2.** *See generally Martinez v. United States,* 19 F.3d 97, 99 (2d Cir.1994) (holding that defendant must first exhaust administrative remedies prior to seeking relief in the district court for sentencing credit for time spent on bond); *Lahey v. Floyd,* 992 F.2d 234, 235 (9th Cir.1993) (entertaining appeal from denial of credit for time spent on pretrial release after administrative remedies had been exhausted).

**3.** We note that the Ninth Circuit has held explicitly that, in light of *Wilson,* a district court may not predicate a downward departure on time spent in pretrial custody. *United States v. Daggao,* 28 F.3d 985, 988–89 (9th Cir.1994).

and why you are not getting ten years, sir. That is my point. My point is that you cooperated.... I realize that your cooperation had considerable risk to yourself and that it was helpful to the government in presenting all of these cases. I think you are being rewarded and you are being rewarded handsomely for it.

Supp.R. 20. Consequently, even if this issue were properly before us, we could not conclude that the court's failure to reduce the sentence further constituted an abuse of discretion.

### Conclusion

For the foregoing reasons, the judgment of the district court is affirmed in part and dismissed in part for want of jurisdiction.

AFFIRMED IN PART and DISMISSED IN PART.