**UNITED STATES of America,**
**Appellee,**

v.

**Gady Pichardo HILARIO,**
**Defendant–Appellant.**

**Docket No. 05–3972–CR.**

United States Court of Appeals,
Second Circuit.

May 24, 2006.

Jeremy F. Orden (Bernard V. Kleinman, of counsel), New York, NY, for Defendant–Appellant.

Gurbir S. Grewal, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; Jo Ann M. Navickas, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee.

Before SOTOMAYOR, WESLEY, and HALL, Circuit Judges.

PER CURIAM.

Defendant-appellant Gady Pichardo Hilario appeals from a judgment of the United States District Court for the Eastern District of New York (Townes, J.) convicting him, upon his guilty plea, of conspiring to import the drug commonly known as ecstasy into the United States in violation of 21 U.S.C. §§ 963 and 960(a)(1),

and sentencing him principally to 162 months' imprisonment, three years of supervised release, and a mandatory special assessment of $100. Hilario argues that his sentence is unreasonable because the district court improperly denied his downward departure motion seeking four months' good time credit for the previously discharged, twenty-six-month sentence he served in Belgium on related charges, and because the court failed to consider adequately the factors set forth in 18 U.S.C. § 3553(a). We disagree.

A "district court's decision to depart pursuant to U.S.S.G. § 5K2.0 ... is discretionary," and thus we review it for abuse of discretion. *United States v. Fuller,* 426 F.3d 556, 562 (2d Cir.2005). In this case, the district court departed downward by twenty-six months, the length of Hilario's imprisonment in Belgium, pursuant to U.S.S.G. § 5K2.23, which permits departures for "discharged terms of imprisonment." Hilario argues that because the federal statute governing good time credit permits the Bureau of Prisons ("BOP") to award inmates up to fifty-four days of good time credit at the end of each year of imprisonment, *see* 18 U.S.C. § 3624(b)(1), the district court's downward departure should have included all of the good time credit Hilario might have earned had he served his twenty-six-month Belgian sentence in federal prison. The amount of good time credit earned by a defendant is determined by the BOP based on a prisoner's behavior while incarcerated in a BOP-controlled environment. Because Hilario was previously incarcerated in a foreign jail, the district court did not abuse its discretion in denying a downward departure on the basis of Hilario's speculative assertion that he would have earned good time credit in a BOP prison had he served his time in such a facility. *Cf. United States v. Evans,* 1 F.3d 654, 654–55 (7th Cir.1993) (holding that the district court

did not err in refusing to award good time credit against a prisoner's federal sentence for time spent in state custody on related charges).

Hilario further argues that his sentence was unreasonable because the court failed to consider adequately the § 3553(a) factors. "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006). In this case, the district court engaged in a thorough discussion of the § 3553(a) factors, explaining that Hilario's sentence reflected, *inter alia,* the nature and circumstances of the offense, the history and circumstances of the defendant, the severity of the crime, the role played by the defendant, and the need for punishment, deterrence, and protection of the public.

▮ Hilario argues in particular that the district court did not adequately consider the need, under § 3553(a)(6), to avoid unwarranted sentencing disparities among similarly situated defendants. He asserts that because his co-defendant might be transferred pursuant to treaty to Belgium, where "anecdotal evidence and past experience" suggest that the co-defendant may receive a lesser sentence than he would for the same conduct in the United States, the district court should have reduced Hilario's sentence to ensure that it was commensurate with his co-defendant's probable sentence under Belgian law. Hilario's counsel made this argument at sentencing and presents no evidence on appeal that the district court failed to consider it. *See id.* at 30–31 (holding that a defendant must adduce record evidence indicating that a district court has failed to consider the § 3553(a) factors in order to overcome the presumption that they were properly con-

sidered). Whether or not "18 U.S.C. § 3553(a)(6) can support a reduced sentence designed to eliminate or diminish disparity between the sentences imposed on co-defendants," *id.* at 31, the district court did not abuse its discretion when it declined to depart on the basis of Hilario's wholly speculative argument that a foreign sovereign might sentence his co-defendant to a lesser sentence than would generally be warranted under the United States Sentencing Guidelines.

For the reasons stated above, we AFFIRM the judgment of the district court.