**UNITED STATES of America,
Plaintiff,**

v.

**Ryan BLANKENSHIP, Defendant.**

**No. 07–CR–20024–001.**

United States District Court,
C.D. Illinois,
Urbana Division.

Aug. 26, 2009.

Colin S. Bruce, Office of U.S. Attorney, Urbana, IL, for Plaintiff.

Donald Parkinson, Maloney, Parkinson & Berns, Urbana, IL, for Defendant.

**ORDER**

MICHAEL P. McCUSKEY, Chief Judge.

Defendant, Ryan Blankenship, was sentenced by this court to 60 months in the Federal Bureau of Prisons (BOP) on February 7, 2008, for the crime of fraud by wire, radio, or television, in violation of 18 U.S.C. § 1343 and 2. On July 30, 2009, Defendant filed a Pro Se Motion for Nunc Pro Tunc (# 32), in which he asked this court to modify his judgment to reflect time he served in the Macon County, Illinois jail on state charges and apply it to his federal sentence. Defendant was not indicted on his federal case (07–CR–20024) until February 8, 2007, but believes he is entitled to time against his federal sentence for jail time he served in Macon County in 2006 on three state cases.

The government filed its Response (# 33) on August 25, 2009, moving for this court to dismiss Defendant's motion for lack of jurisdiction. The government contends that the court lacks jurisdiction to modify or amend its previously imposed

sentence and that the authority to make calculations as to the time a defendant shall receive in custody lies solely with the BOP. In support of its contention, the government argues that no statute or other provision authorizes a district court to modify a sentence after it becomes final. *United States v. Smith*, 438 F.3d 796, 798 (7th Cir.2006). Citing to the federal statute, the government notes that a court may not modify a term of imprisonment once it has been imposed except: the court, upon motion of the Director of the BOP, may reduce the term of imprisonment if it finds that (1) extraordinary and compelling reasons warrant such a reduction or (2) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under 18 U.S.C. § 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the BOP Director that the defendant is not a danger to the safety of any other person or the community and that such a reduction is consistent with applicable policy statements issued by the Sentencing Guidelines. See 18 U.S.C. § 3582(c). Further, the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B). The government notes that the BOP Director has not moved for a modification and reduction of Defendant's sentence, nor has the government moved for a reduction under Fed.R.Crim.P. 35 and the court thus lacks jurisdiction over the motion.

The government also argues that only the Attorney General, through the BOP, has the authority to determine when to give a defendant credit against a sentence for time served. "The Supreme Court has determined that only the Attorney General of the United States, through the Bureau of Prisons, has authority to determine when to give a defendant credit against a sentence for time he has served." *United States v. Jones*, 34 F.3d 495, 499 (7th Cir.1994), citing *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). The government further contends that, because prisoners may be entitled to credit that the trial court would not know how to calculate at the time of sentencing, or may earn (or lose) credit while serving their sentences, the determination of the actual time awarded and due on a prisoner's sentence is best designated as an administrative matter. See *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir.2000).

The court agrees with the government's position. Neither the government nor the Director of the BOP have filed a motion with the court to modify Defendant's sentence and thus the court does not have jurisdiction to hear Defendant's claim. 18 U.S.C. § 3582(c). Further, when it comes to time served, the Director of the BOP is in the best position calculate how that will affect Defendant's sentence. Also, based on Defendant's filing, he was serving time in Macon County on state charges in 2006 before he was ever indicted in the federal case in 2007, so the court fails to see why he should receive credit for the state time. Accordingly, Defendant's Pro Se Motion for Nunc Pro Tunc (# 32) is DISMISSED.

IT IS THEREFORE ORDERED:

Defendant's Pro Se Motion for Nunc Pro Tunc (# 32) is DISMISSED.