In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1392

TOM ALLEN MANUEL,

*Petitioner-Appellant,*

*v.*

J. A. TERRIS,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Terra Haute Division.
No. 2:14-cv-138-JMS-WGH — **Jane Magnus-Stinson**, *Judge.*

SUBMITTED SEPTEMBER 2, 2015 — DECIDED OCTOBER 7, 2015

Before WOOD, *Chief Judge*, and POSNER and ROVNER, *Circuit Judges*.

POSNER, *Circuit Judge*. Manuel, a federal prisoner, filed a petition for habeas corpus (28 U.S.C. § 2241) directed at the warden of his prison and claiming an entitlement to a reduction in his prison sentence. The district court, disagreeing, denied the petition.

Multiple overlapping sentences—which Manual received—present difficult analytical questions. With some statutory limitations (see our recent decision in *United States v. Maday*, 2015 WL 4998715 (7th Cir. Aug. 24, 2015)), a federal judge is empowered to make a sentence that he imposes run concurrently with a federal or state sentence not yet fully served, or even with a state sentence not yet imposed. See *Setser v. United States*, 132 S. Ct. 1463, 1468 (2012).

Manuel had been sentenced to prison on October 27, 2010, for two criminal violations of federal law. The judge and made the sentences (each of 51 months) concurrent and also had directed that Manuel "receive credit for not less than all the time he has spent in federal custody" since May 24, 2010. That was the date on which, having been arrested earlier in the year by Michigan law enforcement for a parole violation, Manuel was ordered transferred from state to federal custody pursuant to a writ of habeas corpus ad prosequendum (an order requiring the recipient's appearance to be prosecuted for a crime) obtained by federal authorities. On November 9, his Michigan parole having been revoked, he was returned to that state's custody, from which he was released on May 4, 2013—but only to be transferred to a federal prison to serve his 51-month federal prison term.

In calculating the date of his release from federal prison, the Bureau of Prisons, which is responsible for determining that date, 18 U.S.C. § 3624(b)(1), had decided that Manuel was entitled to receive credit toward completion of his federal sentence for the five months from May 24 to October 27, 2010, that he had spent in federal custody. He argues that he should have received credit for a much longer period—May 24, 2010, to May 4, 2013, the latter being the date of his re-

lease from Michigan's custody to begin serving his federal sentence. The judge rejected the argument as double counting. Michigan, she noted, in deciding on how long to imprison Manuel for his violation of parole, had credited him with the entire period between January 22, 2010, when he was arrested for the parole violation, and May 4, 2013, when, having been returned from federal to state custody in November 2010, he was returned to federal custody. That interval embraces the period that he seeks in the present suit to credit against his 51-month federal sentence. In other words, he is seeking to use approximately the same period of time to shorten both his federal and his state sentence.

In declining the gambit the judge cited 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

The last line, which we've emphasized (and which governs both subsections of section 3585(b)), is key. Manuel was credited by the state with the entire period of incarceration that he now asks to have credited against his federal sentence as well. Although the statute we just quoted doesn't say "another sentence state or federal," it has been interpreted as if it did. *United States v. Wilson*, 503 U.S. 329, 333–34 (1992); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000);

*Rios v. Wiley*, 201 F.3d 257, 271–73 (3d Cir. 2000), and cases cited there.

The period that Manuel wants credited against his federal sentence—May 24, 2010, to May 4, 2013—is approximately 35.5 months, so crediting that period of state incarceration against his 51-month federal sentence would reduce his federal sentence to a mere 15.5 months. To cut it so drastically after the state had credited 9.5 months against his state sentence (the period January 22, 2010, to November 9 of that year, leaving him to serve approximately 30 months for the parole violation) would chop his total incarceration in half, cutting it from 90.5 months (51 federal and 39.5 state) to 45.5 months (15.5 federal and 30 state). We can't see what sense that would make—an observation that supplements the cases we've cited with a practical reason for interpreting "another sentence" in 18 U.S.C. § 3585(b) to include a state, as well as another federal, sentence.

We note finally an error by the Bureau of Prisons. Recall that it gave Manuel 5 months' credit (May 24, 2010, to October 27, 2010) against his federal sentence. But the state having already given him that credit against his state sentence, the Bureau was forbidden by 18 U.S.C. § 3585(b) to credit that period against his federal sentence as well. That's an error the Bureau can and should correct itself, the Supreme Court having held in *United States v. Wilson, supra*, 503 U.S. at 333–36, that only the Bureau is authorized to give credit, against a prison sentence, for prior time spent in custody.

AFFIRMED