George L. TAYLOR, Petitioner–Appellant,

v.

Leann LARIVA, Respondent–Appellee.

No. 15–3182.

United States Court of Appeals, Seventh Circuit.

Submitted April 13, 2016.*

Decided April 14, 2016.

George L. Taylor, Terre Haute, IN, pro se.

Kathryn E. Olivier, Attorney, Office of the United States Attorney, Indianapolis, IN,,for Respondent–Appellee.

Before JOEL M. FLAUM, Circuit Judge, KENNETH F. RIPPLE, Circuit Judge, DAVID F. HAMILTON, Circuit Judge.

## ORDER

George Taylor is serving a 378–month federal sentence for bank robberies. He is currently imprisoned at the Federal Correctional Institution in Terre Haute, Indiana. Taylor argues in a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2241, that the Bureau of Prisons is violating federal law by refusing to designate the state facility where he served a related state sentence as the place where he also served part of his federal sentence. This designation effectively would credit against his federal sentence the time he spent in state custody. The district court denied relief. Because the Bureau did not violate federal law regarding sentencing computation or credits, we affirm.

Taylor's federal sentence arises from armed bank robberies that he and two comrades committed in Indiana and Kentucky in the 1990s. Indiana authorities arrested and charged him with these crimes in January 1997, and the next month federal authorities in the Western District of Kentucky charged him with related federal crimes. Obeying a federal writ of habeas corpus ad prosequendum, Indiana authorities then transferred him to federal custody. There, Taylor pleaded guilty to eight counts of bank robbery, *see* 18 U.S.C. § 2113(a), (d), and two counts of using a firearm during bank robberies, *see id.* § 924(c)(1). The district court sentenced him in November to 378 months' imprisonment. He then was returned to state custody, where he pleaded guilty to the state charges. The state court sentenced Taylor to 40 years' imprisonment "to run concurrent with the federal time in Kentucky." He remained in state custody continuously until 2001, when he received postconviction relief and the state court resentenced him to ten years' imprisonment, with the remaining balance suspended. The second sentencing order was silent regarding whether this new sentence should be served concurrently with the federal sentence. He immediately was released to federal custody on September 10, 2001.

The BOP calculated Taylor's federal sentence to begin that day, *see* 18 U.S.C. § 3585(a), and to run consecutively to his state sentence, *see id.* § 3584(a). (As of the date of this order, Taylor's projected release date is February 17, 2029.) Taylor sought a different computation. He urged the BOP to credit him with the nearly five years that he served in state custody by designating, nunc pro tunc, the Indiana prison as the original place of confinement for his federal sentence. Acknowledging Taylor's request, the BOP asked the federal sentencing judge for his opinion on the matter, and the judge responded that he took "no position." Instead, the judge

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2)(C).

suggested that the BOP "complete its review and make a decision in accordance with the relevant factors under 18 U.S.C. Section 3621(b)." That statute directs the BOP to "designate the place of the prisoner's imprisonment." In doing so, it may consider a facility's resources, the nature and circumstances of the prisoner's offense, his history and characteristics, any statement from the sentencing court, and any relevant policy statements from the Sentencing Commission. A BOP officer considered the sentencing judge's statement, Taylor's multiple federal convictions for armed bank robberies, and the requirement that his firearm sentences be served consecutively to any other sentence, and then denied Taylor's request.

Taylor then turned to the district court. In his § 2241 petition, he contends that the BOP miscalculated his sentence by disregarding the state-court judgment, which directed his state sentence to run concurrently with his federal sentence. The district court denied the petition, concluding that the BOP did not violate § 3621.

The Attorney General, acting through the BOP, administers a federal defendant's sentence. See United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). A § 2241 petition allows us to adjudicate whether the BOP is correctly administering federal sentences that, like Taylor's, are being served in this circuit. See Setser v. United States, —— U.S. ——, 132 S.Ct. 1463, 1473, 182 L.Ed.2d 455 (2012); Romandine v. United States, 206 F.3d 731, 736 (7th Cir.2000). Under § 3621, the BOP may designate nunc pro tunc a state prison that once housed an inmate as the place of confinement for the inmate's federal sentence, effectively allowing the state and federal

sentences to run concurrently. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir.2010). And the BOP has "wide discretion" over that designation. See Barden v. Keohane, 921 F.2d 476, 483 (3d Cir.1990).[1] We review de novo the denial of a § 2241 petition, see Jones v. Cross, 637 F.3d 841, 845 (7th Cir.2011), but we review for abuse of discretion the BOP's placement decision, see Fegans v. United States, 506 F.3d 1101, 1105 (8th Cir.2007); Barden, 921 F.2d at 478.

The BOP did not abuse its discretion in administering Taylor's sentence. Following factors specified in § 3621, the BOP considered the sentencing judge's statement, which declined to recommend that the BOP use the state prison as the place of federal incarceration. It also considered Taylor's offenses and sentences— eight federal convictions for bank robberies and two federal firearm sentences that he must serve consecutively to any other sentence. See 18 U.S.C. § 924(c); U.S.S.G. § 2K2.4(b). Based on these factors, the BOP reasonably decided against retroactively treating the state prison as the place of federal incarceration. Taylor replies that the BOP should have granted the nunc pro tunc designation nonetheless because the state judge decreed that the initial state sentence should run concurrently with his federal sentence. But, as noted previously, Taylor was re-sentenced, and the second sentencing order made no mention of the new state sentence running concurrently with the federal time. Moreover, a separate sovereign, the state, cannot dictate how a federal sentence will be served. See Barden, 921 F.2d at 478 n. 4; see also Jake v. Herschberger, 173 F.3d 1059, 1066 (7th Cir.1999); Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir.1991).

---

1. Neither party has argued on appeal that the Supreme Court's decision in Setser deprived the BOP of the authority to make the nunc pro tunc designation. We therefore do not address that issue.

The BOP's calculation of Taylor's sentence also complied with other federal law. Because Taylor's time in state custody from January 1997 through September 2001 was credited toward his state sentence, the BOP could not credit it toward his federal sentence. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence.");

*Manuel v. Terris*, 803 F.3d 826, 828 (7th Cir.2015). With no federal law violated, the district court therefore correctly denied the § 2241 petition.

AFFIRMED.