In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2825

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MAURICE WALKER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:16-cr-00783-1 — **Sharon Johnson Coleman**, *Judge.*

ARGUED FEBRUARY 22, 2019 — DECIDED MARCH 11, 2019

Before RIPPLE, MANION, and BRENNAN, *Circuit Judges.*

RIPPLE, *Circuit Judge.* A grand jury indicted Maurice Walker on one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). During his detention awaiting trial, the Government discovered that Mr. Walker, his associates, and a family member had bribed multiple witnesses to testify falsely on his behalf at his upcoming trial. The grand jury therefore returned a superseding indictment, which added one count charging Mr. Walker with

conspiring to obstruct justice, in violation of 18 U.S.C.
§ 1512(k). He subsequently pleaded guilty to both counts of
the superseding indictment. The district court imposed sen-
tences of 80 months' imprisonment for each count, to be
served concurrently, and to be followed by a three-year term
of supervised release.[1] The district court recommended to the
Bureau of Prisons ("BOP") that Mr. Walker should not receive
credit for time served prior to June 29, 2017, the date the su-
perseding indictment was filed, because of his conduct lead-
ing to the addition of the obstruction of justice charge.

Mr. Walker now contends that the district court improp-
erly left to the BOP the calculation of credit for his time served
before trial. He also submits that he should receive credit for
*all* the time he spent in custody between his arrest and the su-
perseding indictment. For the reasons set forth in more detail
in this opinion, we cannot accept these contentions; they are
controlled by settled law. Congress has committed the re-
sponsibility for the calculation of credit for pretrial confine-
ment to the BOP. The district court therefore lacked the au-
thority to make such a determination. The court does have,
however, the discretion to make a recommendation to the
BOP as to whether pretrial credit is appropriate. The district
court therefore acted well within its discretion when it made
such a recommendation. We therefore affirm its judgment.[2]

---

[1] The jurisdiction of the district court is grounded in 18 U.S.C. § 3231.

[2] Our jurisdiction is grounded in 28 U.S.C. § 1291.

## I.

## BACKGROUND

On June 11, 2016, while Mr. Walker was on parole for prior state convictions, Chicago police officers arrested him after he fled with a gun in hand and attempted to discard the weapon before being apprehended. On December 1, 2016, a grand jury returned an indictment charging Mr. Walker with one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On January 5, 2017, he pleaded not guilty to the indictment, and the court remanded him into federal custody. The district court scheduled his trial to begin on July 11, 2017.

While awaiting trial, Mr. Walker was detained at the Kankakee County Jail, where his phone calls were recorded. The government listened to these recordings, which revealed that Mr. Walker had communicated with a family member and associates about locating individuals to testify falsely on his behalf at his upcoming trial. Specifically, the defendant's mother, a close associate, and others deposited money into the commissary account of another inmate, who agreed to sign a false affidavit and to testify falsely that the gun belonged to him and not to Mr. Walker. Another individual received approximately $500 to testify falsely that she had witnessed Mr. Walker's arrest and that he had not been carrying a gun at the time. Mr. Walker also conferred with his family and associates about finding other witnesses to provide false testimony. As a result, on June 29, 2017, a grand jury returned a superseding indictment, which charged Mr. Walker with an additional count of conspiracy to obstruct justice, in violation of 18 U.S.C. § 1512(k).

On February 20, 2018, Mr. Walker filed a pro se plea declaration, and on April 2, 2018, he pleaded guilty to both counts of the superseding indictment. The probation office prepared a presentence report, calculating a guidelines range of 92 to 115 months based on a total offense level of 23 and a criminal history category of VI. The presentence report recommended a sentence of 103 months' imprisonment per count, to run concurrently.

On August 8, 2018, the district court conducted a sentencing hearing. The Government recommended a sentence within the guidelines range. Mr. Walker requested a sentence of 41 months. After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court imposed a sentence of 80 months' imprisonment for each count, to be served concurrently and to be followed by a three-year term of supervised release. Noting that the grand jury had returned the superseding indictment on June 29, 2017, the district court further concluded:

> So this Court is going to recommend that any credit time start from there [June 29, 2017] to the present, not from the time he went in. The reason I'm doing that, sir, is because again, you were in there plotting and planning to try to subvert these proceedings. And this Court does not recommend you get time for that. And so I don't know if they give it to you anyway, but I do recommend that since the indictment, you do get [credit] for [time] served.[3]

---

[3] R.94 at 66.

Neither Mr. Walker nor his counsel objected to this recommendation.

On August 10, 2018, the district court entered its final judgment. It committed Mr. Walker to the custody of the BOP for a term of 80 months on each count with those terms to run concurrently. The judgment further reiterated the court's recommendation to the BOP: "Defendant to receive credit for time being served beginning 6/29/2017 when the superseding indictment was filed (and not sooner), as conduct charged in Count 2 of the superseding indictment occurred while Defendant was detained in federal custody."[4] Mr. Walker filed a timely notice of appeal on August 21, 2018.

## II.

## DISCUSSION

## A.

Mr. Walker contends that the district court erred by leaving to the BOP the decision of how much sentencing credit he should receive and by recommending to the BOP that he should not receive credit for time served prior to June 29, 2017, the day on which the superseding indictment was filed. In Mr. Walker's view, we should review these issues de novo because these issues raise questions of law. The Government contends, however, that we should review the district court's sentencing decision only for plain error because Mr. Walker failed to object to his sentence in the district court.

---

[4] R.77 at 2.

The Government is correct. Before the sentencing hearing, Mr. Walker filed a pro se motion for a downward departure from the recommended guidelines range, but that motion focused exclusively on the "substandard conditions of confinement" at the Livingston County Detention Center.[5] At the sentencing hearing, neither Mr. Walker nor his counsel objected to the district court's recommendation to the BOP that he should not receive credit for time served prior to June 29, 2017. Therefore, we review the district court's sentence for plain error.[6] Mr. Walker therefore must demonstrate that "(1) there was error, (2) it was plain, (3) it affected his substantial rights and (4) the court should exercise its discretion to correct the error because it seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Jumah*, 599 F.3d 799, 811 (7th Cir. 2010) (citing *United States v. Olano*, 507 U.S. 725, 732–35 (1993); *United States v. Jaimes-Jaimes*, 406 F.3d 845, 847–49 (7th Cir. 2005)).

**B.**

Mr. Walker believes the district court erred by leaving it to the BOP to determine whether he should receive credit for all of the time he served in federal custody awaiting trial. He reasons that the BOP "is not authorized to determine penalties" and that "that is a duty that is bestowed upon the district

---

[5] R.72 at 1 (capitalization omitted).

[6] *See United States v. Jumah*, 599 F.3d 799, 811 (7th Cir. 2010) ("When no objection to sentencing guidelines calculations is made at trial, we review those calculations for plain error."); *United States v. Wainwright*, 509 F.3d 812, 815 (7th Cir. 2007) (reviewing for plain error because the defendant failed to object to the enhancement at sentencing).

court."[7] Mr. Walker points to the federal statute governing the calculation of a term of imprisonment, which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed …
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The first of the plain error requirements is outcome-determinative here. Mr. Walker's position conflicts directly with the established precedent of the Supreme Court and of our court. In *United States v. Wilson*, 503 U.S. 329 (1992), the petitioner submitted that, when Congress enacted the Sentencing Reform Act of 1984 and replaced 18 U.S.C. § 3568 with 18 U.S.C. § 3585, "Congress expressed a desire to remove the Attorney General from the process of computing sentences" and transferred that responsibility to the district court. *Id.* at 336. The Supreme Court specifically rejected this argument. It held that "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *Id.* at 334. The Court observed that § 3585(b) "indicates that a defendant may receive credit against a sentence that '*was imposed*'" and that "the amount of the credit depends on the time that the defendant '*has spent*' in official detention 'prior to the date the sentence commences.'" *Id.* at 333 (emphasis in original). Congress thus

---

[7] Appellant's Br. 3.

"indicated that computation of the credit must occur after the defendant begins his sentence." *Id.* The Court reasoned that because "[f]ederal defendants do not always begin to serve their sentences immediately," the district court at sentencing could only "speculate[] about the amount of time that Wilson would spend in detention prior to the commencement of his sentence." *Id.* at 333–34. Elaborating further, the Court explained that after sentencing, the Attorney General, acting through the BOP, "has the responsibility for administering the sentence." *Id.* at 335. "Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." *Id. Wilson* made clear that the Attorney General, acting through the BOP, must compute the credit for time served under § 3585(b). *Id.* at 334. Therefore, even if it had wanted to give Mr. Walker credit for the time in question, the district court could not have done so.

Relying on *Wilson*, we have repeatedly recognized that "it is the Attorney General," acting through the BOP, "and not the sentencing court, that computes the credit due under § 3585(b)." *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995) (citing *Wilson*, 503 U.S. at 334).[8] This is consistent with the approach in every other circuit.[9] Therefore, "[t]he district

---

[8] *See also Manuel v. Terris*, 803 F.3d 826, 828–29 (7th Cir. 2015); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000); *United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994).

[9] *See, e.g., Barnes v. Masters*, 733 F. App'x 93, 98 (4th Cir. 2018) ("The sentencing court has no authority 'to compute the amount of the credit' or 'to award credit at sentencing.'" (quoting *United States v. Wilson*, 503 U.S. 329,

333–34 (1992))); *United States v. Haipe*, 769 F.3d 1189, 1193 (D.C. Cir. 2014) (holding that defense counsel correctly "acknowledged in the district court that the issue of time served was to be addressed by the Attorney General through the Bureau of Prisons"); *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) ("Only the Attorney General, through the BOP, may compute a prisoner's credits."); *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010) ("Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." (citing *Wilson*, 503 U.S. at 334)); *United States v. Mills*, 501 F.3d 9, 12 (1st Cir. 2007) (relying on *Wilson* to conclude the district court "should not have taken into account Mills's custody in its sentencing decision, but should have instead left the determination of Mills's eligibility for credit for time served to the Attorney General and the Bureau of Prisons"); *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) ("The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence."); *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (explaining that after sentencing, "it falls to BOP, not the district judge, to determine … whether the defendant should receive credit for time spent in custody before the sentence 'commenced'" (citing § 3585(b))); *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) (rejecting defendant's position as "ignor[ing] the Supreme Court's unequivocal statement in *Wilson* that a district court does not have the authority to grant a sentence credit at sentencing"); *United States v. Brann*, 990 F.2d 98, 103–04 (3d Cir. 1993) (concluding that Brann's claim seeking credit for prior custody was "not ripe" because "[t]he Attorney General has the power to grant credit for pretrial custody in the first instance"); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) ("The district court correctly concluded that the Attorney General, not the court, has the authority to compute sentence credits for time in detention prior to sentencing."); *United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992) (holding, "in accord with *Wilson*," that "the district court lacked jurisdiction to grant Checchini credit for the time spent under house arrest").

court had no authority to order the BOP to give [Mr. Walker] the credit because that authority rests exclusively with the BOP." *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).[10]

### C.

Mr. Walker also challenges the substance of the district court's recommendation to the BOP and contends that he should "receive credit for the time he served from the time of his arrest through when he was sentenced, including through and including June 29, 2017."[11] Of course, this appeal is not the proper mechanism for Mr. Walker to challenge the amount of sentencing credit he ultimately received from the BOP.[12] Instead, he first must seek relief through the BOP's administrative procedures. *See Jake v. Herschberger*, 173 F.3d 1059, 1063 (7th Cir. 1999). Once he has exhausted his administrative remedies, he then may challenge the BOP's determination by filing a petition under 28 U.S.C. § 2241 for habeas relief in the district where he is incarcerated. *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992).[13]

### Conclusion

The judgment of the district court is affirmed. Because the BOP has exclusive authority over the computation of credit

---

[10] *See also United States v. Evans*, 1 F.3d 654, 654–55 (7th Cir. 1993) (per curiam).

[11] Appellant's Br. 4.

[12] At oral argument, counsel for the United States informed us that the BOP had given Mr. Walker partial credit for his pretrial confinement. Because this credit is less than the credit he seeks in this appeal, this case is not moot.

[13] *See also Jones*, 34 F.3d at 499.

for time served under § 3585, the district court committed no error, let alone plain error, in leaving to the BOP the ultimate calculation of Mr. Walker's sentencing credit.

AFFIRMED