NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2019[*]
Decided September 18, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-1261

| | |
|---|---|
| REGINALD GROSS,<br>    *Petitioner-Appellant*,<br><br>    *v.*<br><br>J.R. BELL, Warden<br>    *Respondent-Appellee*. | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 2:18-cv-00157-JMS-DLP<br><br>Jane Magnus-Stinson,<br>*Chief Judge*. |

## O R D E R

Reginald Gross, a federal inmate, was convicted of multiple counts of murder and sentenced to serve two consecutive life sentences. He petitioned under 28 U.S.C. § 2241 to contest the Bureau of Prisons' determination that, under 18 U.S.C. § 4206(d), he was not entitled to mandatory release after having served thirty years of his federal sentence. The district court dismissed the petition for lack of jurisdiction. Though we

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

conclude that the district court had jurisdiction, we nonetheless affirm the judgment because the Bureau's calculation of Gross's mandatory release date was correct.

Gross had served nearly thirty years of his sentence, imposed in 1989, when he asked the Bureau of Prisons to recalculate his mandatory release date. Because he committed his offenses before the effective date of the Sentencing Reform Act of 1984, his sentence is parole eligible. Under the Act, a prisoner such as Gross is entitled to mandatory parole consideration "after serving thirty years of each consecutive [life] term." 18 U.S.C. § 4206(d). Gross believes that his two life sentences should be treated like a single sentence, and that he should be eligible for mandatory release after serving thirty years. The Bureau disagreed, explaining that under the Act and the Bureau's regulations, Gross needed to serve thirty years on *each* of his two consecutive life sentences before he would become eligible for mandatory parole. *See id.*; Bureau of Prisons Program Statement 5880.30, App. IV at 1 (1993). Accounting for his time already served, the Bureau concluded that he would become eligible in 2048. The Bureau upheld this determination on appeal, after which Gross filed this § 2241 petition.

The district court treated Gross's petition as moot and denied it for lack of jurisdiction. The court determined that Gross's claims were premature because the Parole Commission had not yet held a hearing about his eligibility for mandatory parole, let alone ruled on the matter.

On appeal Gross generally challenges this jurisdictional ruling, and we agree with him on this point that the district court was mistaken. The court misunderstood his petition as a request to order the Parole Commission to act, but in fact he challenges only the Bureau of Prisons' calculation of his mandatory release date. It is the Bureau, not the Commission, that must calculate a prisoner's release date, *Manuel v. Terris*, 803 F.3d 826, 828 (7th Cir. 2015), and a § 2241 petition is the proper vehicle through which to attack the Bureau's determination. *See United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019). Accordingly, the district court had jurisdiction over the petition.

But we need not remand this case for the district court to consider the merits of Gross's claim. The Bureau of Prisons here correctly calculated his mandatory release date. A federal prisoner whose life sentences fall under the Sentencing Reform Act of 1984 is eligible for mandatory release "after serving thirty years of *each* consecutive [life] term." 18 U.S.C. § 4206(d) (emphasis added). Gross is serving two consecutive life sentences, so his eligibility for mandatory release requires him first to serve two

thirty-year terms—sixty years altogether. *See* Program Statement 5880.30, App. IV at 1 (1993). The Bureau correctly calculated his mandatory release date at 2048.

AFFIRMED AS AMENDED