In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-3026

YORIE VON KAHL,

*Petitioner-Appellant,*

*v.*

MICHAEL SEGAL, Warden, FCI Pekin,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 18-cv-1245-JES — **James E. Shadid**, *Judge.*

SUBMITTED NOVEMBER 18, 2021 — DECIDED DECEMBER 6, 2021

Before EASTERBROOK, WOOD, and SCUDDER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Yorie Von Kahl is serving a life sentence, plus consecutive terms of ten and five years' imprisonment, for murdering two deputy United States Marshals and committing related crimes.[*] The judgment was affirmed

---

[*] To be precise, he is serving two concurrent life sentences, four 10-year sentences that are concurrent with each other but consecutive to the life sentences, one five-year sentence that runs concurrently with the life and ten-year sentences, and one five-year sentence that is consecutive to

on direct appeal, and a collateral attack under 28 U.S.C. §2255 failed. *United States v. Faul,* 748 F.2d 1204 (8th Cir. 1984); *Von Kahl v. United States*, 242 F.3d 783 (8th Cir. 2001). A debate about the length of his custody is the principal issue in Von Kahl's petition under 28 U.S.C. §2241.

Von Kahl also wants to relitigate the issues presented in his collateral attack, but §2241 allows review of a conviction or sentence only when §2255 is inadequate, see §2255(e), and we know that §2255 is adequate to resolve these issues because they *were* resolved under that statute. Section 2241 is not a means to get a second opinion in a different circuit. See *Vialva v. Watson*, 975 F.3d 664 (7th Cir. 2020); *Lee v. Watson*, 964 F.3d 663 (7th Cir. 2020); *Roundtree v. Krueger*, 910 F.3d 312 (7th Cir. 2018); *Harris v. Warden*, 425 F.3d 386 (7th Cir. 2005). No more need be said on this subject.

Section 2241 is, however, the appropriate means to contest the Bureau of Prisons' calculation of the date on which a prisoner must be released. See *United States v. Wilson*, 503 U.S. 329, 335 (1992) (implication); *United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994). For Von Kahl, whose crime predates the Sentencing Reform Act of 1984, release depends on the Parole Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201–28. That statute was repealed by the 1984 Act but remains in force for persons whose crimes occurred before November 1, 1987. See 98 Stat. 2027, 2032. Only persons who received long sentences are subject to the 1976 Act today. For those serving the very longest sentences—life plus a substantial consecutive term of years—some questions are arising for

---

all other sentences. For simplicity we treat this package as three sentences: life + ten years + five years.

the first time. We have been unable to find any precedential decision covering the statutory language that governs Von Kahl's arguments. There are a few recent nonprecedential decisions in other circuits, but nothing else. We issue a precedential decision in this case to reduce the scope of uncertainty.

Von Kahl was eligible for release on parole as soon as he was sentenced, because the district judge opted to allow immediate eligibility under 18 U.S.C. §4205(b)(2), but the Parole Commission decided that his crimes were too serious to make swift release appropriate. He contends in this proceeding that he is entitled to mandatory release under §4206(d), which sets a presumptive cap on how long anyone must serve:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: *Provided, however*, That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

Emphasis in original. Section 4206(d) illustrates one of the ways in which the 1987 Act changed federal sentencing. Today a person sentenced to life in prison serves life in prison, unless clemency or compassionate release intervenes. But a person sentenced to "life" under older law was eligible for parole in ten years, §4205(a)—sooner if the judgment so provided under §4205(b)(2)—and is presumptively entitled to parole after thirty, §4206(d).

Shortly after Von Kahl was sentenced, the Bureau of Prisons calculated his release date as February 12, 2013, thirty

years after he entered federal custody. In 1994, however, the Bureau recalculated his release date as February 12, 2023. The second calculation took account of his consecutive terms: ten years and five years. These add to fifteen, and two-thirds of fifteen is ten. The Bureau concluded that 30 and 10 should be combined. But in 2002 an employee of the Parole Commission wrote that Von Kahl's release date is February 12, 2013. The employee did not explain why the extra ten years that the Bureau thought appropriate had been subtracted. The 2013 date came and went; the Bureau stands by its conclusion that February 2023 is the presumptive release date.

Von Kahl contends that the Bureau got this right the first time and is at all events stuck with the 2013 date even if it was calculated in error. Yet no one is entitled to the benefit of an administrative mistake. See *Greenholtz v. Inmates*, 442 U.S. 1, 7 (1979). Our question is whether the Bureau is right today. And we look to the Bureau's decision, for it is the Bureau rather than the Commission that administers Von Kahl's sentence. *Wilson*, 503 U.S. at 335; *Manuel v. Terris*, 803 F.3d 826, 828–29 (7th Cir. 2015). The Commission decides whether to release someone on parole, but when making that decision it starts with the Bureau's calculations. 28 C.F.R. §2.55(a).

This leads to the question whether the Bureau has read §4206(d) correctly, and it has. The statute says that a life term is treated the same as a 45-year term, so anyone sentenced to life is presumptively released after 30 years. But the statute also says that, unless paroled earlier, a prisoner must serve two-thirds or thirty years of "each consecutive term or terms". Von Kahl is serving three consecutive terms: life, ten years, and five years. Thirty years for the life term, plus two-thirds of each term of years, adds to 40 years, running through

February 2023, just as the Bureau concluded. Von Kahl wants us to collapse his sentences, to say that life plus 15 years "really" is just life, so the limit must be 30 years. True, he won't serve time in prison after his death, but there remain three distinct legal penalties, and the statute calls for the aggregation of limits under "*each* consecutive term or terms" (emphasis added). That comes to 40 years, no matter how you do the math.

Von Kahl also reads the statute as saying that his release date may rest on the life term, or the terms of years, but not the two together. That's not what the statute says; "each" means "each." Von Kahl quotes from a legislative report that "this section [§4206] provides more liberal criteria for release on parole for prisoners with long sentences after they have completed two-thirds of any sentence or thirty years, whichever occurs first." H.R. Conf. Rep. No. 94-838 at 27 (1976). And that's true (the comparative "more liberal" refers to pre-1976 law). But the report does not say that the total time before presumptive release can't exceed 30 years. Quite the contrary. The very next sentence reads: "In calculating two-thirds of a term, all sentences imposed consecutively should be considered separately and the time on each sentence added together." *Ibid*. Far from contradicting the statutory text, the conference report reinforces the text's natural reading.

So Von Kahl's presumptive release date is February 12, 2023. The Bureau must let him go then unless the Commission acts under the statutory proviso and "determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime." The onus of making such a finding is on the Commission. We mention the

possibility here only to clarify that February 12, 2023, is a presumptive parole release date, not an outer limit to his custody. The outer limit is the end of his life.

AFFIRMED